HARWELL DAVIS *v.* NEWSOME AUTO TIRE & VULCANIZING
Co.

(*Jackson.*   April Term, 1919.)

1. **MASTER AND SERVANT.** Negligence of automobile driver.
Liability of owner. Presumptions.

In action against owner of automobile for negligence of driver,
proof of ownership is not sufficient to raise presumption of law
that driver was owner's servant, or that he was acting within
the scope of his employment at time of accident. (*Post, p.* 529.)

Cases cited and approved:   Frank v. Wright, 140 Tenn., 538;
King v. Smythe, 140 Tenn., 227.

2. **EVIDENCE.** Presumption. Proof by defendant.

The rule that defendant is required to introduce evidence which
he has in his possession to rebut plaintiff's case applies only
when plaintiff's proof and the legal deduction therefrom make
a *prima-facie* case against defendant. (*Post, pp.* 529, 530.)

Cases cited and approved:   Western Union Tel. Co. v. Lamb, 140
Tenn., 111;   Fisher v. Insurance Co., 124 Tenn., 483;   Standard
Oil Co. v. State, 117 Tenn., 618.

3. **MASTER AND SERVANT:** Negligence of automobile driver.
Liability of owner.

Liability of automobile owner for negligence of driver is based
upon his legal control of the driver. (*Post, p.* 530.)

Cases cited and approved:   Goodman v. Wilson, 129 Tenn., 464.

---

FROM SHELBY.

---

Appeal from the Circuit Court of Shelby County to
the Court of Civil Appeals, and by *certiorari* to the
Court of Civil Appeals from the Supreme Court.—HON.
H. W. LAUGHLIN, Judge.

L. B. PHILLIPS, for plaintiff.

R. P. CARY, for defendant.

MR. CHIEF JUSTICE LANSDEN delivered the opinion of the Court.

This is an action for personal injuries sustained by plaintiff, who is an infant about six years old, a result of a collision with an automobile. The case was tried before a jury, which rendered a verdict in favor of plaintiff for $3,500. The circuit judge overruled a motion for a directed verdict before the case was submitted to the jury, but after the verdict he changed his opinion about the matter and granted a directed verdict. The case was appealed to the court of civil appeals, and that court reversed the trial judge and remanded the case, with directions to the circuit court to enter a judgment for the plaintiff on the verdict. The case is before us upon petition for *certiorari*.

No question is made upon the form of procedure in the court of civil appeals, and we need not consider that question. In the brief of plaintiff below. in this court, the only proposition of fact insisted upon is that the automobile which injured the plaintiff was the property of defendants and in their service at the time of the accident. There is evidence that the automobile is the property of defendants, but there is no direct evidence that it was in their service. Nor is there any direct evidence that the driver of the automobile was the servant of defendants, or that he was acting within the scope of his employment.

It is insisted for plaintiff below that proof, to the effect that the car which caused the injury belonged to the defendant, raises the presumption of law that the driver of the car was defendant's servant, and that he was acting within the scope of his employment at the time of the accident. That no such presumption exists is directly held in the case of *Frank* v. *Wright,* 140 Tenn., 538, 205 S. W., 434. In the case of *King* v. *Smythe,* 140 Tenn., 227, 204 S. W., 296, L. R. A., 1918F, 293, this question was reserved. It is well known that the authorities in the various states are divided upon this question, but we think the rule in Tennessee is put at rest by the case *Frank* v. *Wright.* It is therefore unnecessary for us to cite or review the authorities further than to say that the cases are cited, and some of them reviewed, in *King* v. *Smythe* and *Frank* v. *Wright.*

The defendant Newsum was placed upon the stand by the plaintiff, and he was asked if the car which caused the injury to plaintiff was not his car, and if the chauffeur was not his chauffeur. He denied both questions, or at least such must be the legal effect of his answer, because he said that he did not know. Counsel for plaintiff insists that the duty devolved upon defendant to introduce proof which would rebut the unfavorable inference which might be based on the proven ownership of the car. This rule applies only when the plaintiff's proof and the legal deduction therefrom make a *prima facie* case against defendant. *Western Union Tel. Co.* v. *Lamb,* 140 Tenn., 111, 203 S. W., 752; *Fisher* v. *Insurance Co.,* 124 Tenn., 483,

141 Tenn.—34

138 S. W., 316, Ann. Cas., 1912D, 1246; *Standard Oil Co.* v. *State,* 117 Tenn., 618, 100 S. W., 705, 10 L. R. A. (N. S.), 1015.

It is not necessary to state the reasons supporting the rule which proves the ownership of the car will not justify an inference of liability against defendants. The authorities seem to hold that the defendant's liability arises from his supposed control over his servant at the time of the accident. This control is not established directly or inferentially by proof only of the ownership of the car. The identity of the servant and his employment by defendant must be established by proof, as well as the ownership of the car, before it can be inferred that the servant was acting within the scope of his employment. We do not say that both of these facts may not be established by circumstances; but there must be some evidence of the ownership of the car, the identity and employment of the servant, before it can be inferred that he was acting within the scope of his employment at the time of the accident. It must not be forgotten that usually the defendant has not authorized the accident, and his liability, for it is based upon his legal control of the servant whose negligence caused it. This is the substance of the holding in the case of *Frank* v. *Wright,* supra, although the court assumed, rather than stated, the reason therefor. *Goodman* v. *Wilson,* 129 Tenn., 464, 166 S. W., 752, 51 L. R. A. (N. S.), 1116.

It results that the judgment of the court of civil appeals is reversed, and that of the circuit court is affirmed.