# MOFIELD v. HAYNES et al.—230 S. W. (2d) 200.

Middle Section.   February 24, 1950.

Petition for Certiorari denied by Supreme Court, June 7, 1950.

128

O. W. Hughes and Louis Ferguson, both of Nashville, for plaintiffs.

Wiley J. Holloway, John T. Holloway, and Maxwell A. Hines, all of Murfreesboro, for defendant.

HOWELL, J. This is a suit for damages for personal injuries growing out of a collision between the automobile in which the plaintiff J. P. Mofield was riding and a taxicab belonging to the defendants T. D. Haynes and Mrs. Charles Haynes, and driven by Warner Williams, a chauffeur in their employ.

Upon the trial in the Circuit Court before the Judge and a jury there was a verdict for the plaintiff, J. P. Mofield, and against all the defendants, T. D. Haynes and Mrs. Charles Haynes, doing business as the 66 Cab Company and Warner Williams the taxicab driver, for $2,000.00 and costs.

The defendants T. D. and Mrs. Charles Haynes have appealed in error to this Court and have assigned errors.

The accident occurred on the Murfreesboro Road in Davidson County near the Rutherford County line and at the intersection of the Couchville Pike with the Murfreesboro Road. The taxicab was driven into the highway over a stop sign and into the plaintiff's car, damaging the car and injuring the plaintiff.

The driver of the taxicab, Warner Williams, did not appear at the trial and his counsel was permitted to withdraw from the case.

There was ample evidence to take the case to the jury and to sustain the allegations of the declaration as to how the accident happened and no evidence to the contrary.

It is insisted for the defendants that at the time of the accident the taxicab driver, Warner Williams, was not their agent, servant or employee and not engaged in their business. It is not questioned that at the time of the accident Warner Williams was driving the cab belonging to the defendants Haynes and had a passenger Mrs. Dorothy Davenport in the cab with him. Under Sections 2701 and 2702 of the Code of Tennessee, when the ownership of the cab was proven and admitted as it was in this case, there is a presumption and this is prima facie evidence that the taxicab at the time of the accident was being operated and used with the authority, knowledge and consent of the owners and was being operated for the owners' use and benefit and within the scope of the employment of the driver. The prima facie case was made out by this plaintiff and not successfully rebutted by defendants.

There was testimony in this record by the defendant T. D. Haynes that the defendants were the owners of the cab involved, that Warner Williams was employed by them as a driver on the day of the accident September 13, 1948 and had been driving this cab for two days, that he was supposed to be on duty from 6 A. M. to 6 P. M. and that there was nothing unusual about his work on that day except that he did not come in at 6 P. M. and did not make any report of the trip, that after he heard

of the wreck he reported the accident to the insurance company, that he knew nothing of the call for the cab or the trip to Nashville, that he terminated Williams' employment quickly after the accident and did not know where he was at the time of the trial. This witness further testified that at times his cab drivers got calls on the streets that he knew nothing about. The defendants' witness Mrs. Dorothy Davenport testified that she had called the taxicab office that afternoon for Warner Williams, that she had a date with him and that they drove to Nashville and were on the way back to Murfreesboro when the accident happened.

The record clearly establishes that the driver of the cab was in the employ of the defendants and in the course of his business at the time of the accident.

It is insisted that the trial Court erred in permitting the Circuit Court to testify that the witness for the defendant Mrs. Dorothy Davenport had pleaded guilty to a charge of public drunkenness and was fined $5.00. The record discloses that when the trial Judge learned that the charge against the witness was not disorderly conduct but only drunkenness he sustained the objections to this testimony and instructed the jury to disregard it.

In support of this assignment the defendants rely upon the case of East Tennessee V. & G. R. Co. v. Humphreys, 80 Tenn. 200, 204. In that case the Court said: "While it is desirable that none but competent testimony should be permitted to go to the jury, yet, as we have often held, if such should go, and the court should afterwards definitely withdraw it from the jury, with proper instructions, it is no cause for reversal. In some cases, where the testimony was of such a character as to inflame

the passions or arouse the prejudices of a jury, as in a case soon after the war, where proof was made of a party being a rebel, we have intimated, if not held, such cases might be exceptions."

.We do not think that the testimony complained of and which the jury was instructed to disregard was such as to arouse the prejudices of the jury in this case and its admission and withdrawal did not constitute reversible error.

Considering the actual expenses of the plaintiff caused by the accident, his loss of time from his work and suffering from the injuries received we cannot say that the verdict of the jury, approved by the trial Judge, is excessive.

The assignments of error are overruled and the judgment of the Circuit Court affirmed.

A judgment will be entered here in favor of the plaintiff J. P. Mofield and against the defendants T. D. Haynes, Mrs. Charles Haynes and Warner Williams for $2,000.00 and interest from July 19, 1949 and the costs of the case.

Affirmed.

Felts and Hickerson, JJ., concur.