MIDWEST DAIRY PRODUCTS CO. *v.* ESSO STANDARD OIL CO.

(*Jackson*, April Term, 1951.)

Opinion filed March 7, 1952.

HEATHCOCK & ELAM, of Union City, for plaintiff in error.

MILES & MILES, of Union City, for defendant in error.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This suit grows out of a collision between the trucks belonging to the respective parties to this lawsuit. The

Esso Standard Oil Company sued the Midwest Dairy Products Company for damages to its truck. At the conclusion of the plaintiff's proof, the defendant not offering any proof, the case was submitted to a jury which returned a judgment in favor of the Esso Standard Oil Company. A motion for new trial was made and overruled, the case appealed to the Court of Appeals. That Court concluded that insofar as the factual question was concerned as to whether or not there was evidence to take the case to the jury that the case was properly submitted to the jury; that the trial judge was correct in overruling the Midwest Dairy Products Company's motion for a directed verdict because of the contributory negligence of the plaintiff. The Court of Appeals though reversed the trial court and remanded the case to the lower court because the plaintiff had failed to prove that the truck of the Midwest Dairy Products Company was being operated by the servant of that company under the direction and on the business of the company.

The Court of Appeals in an excellent, concise and correct opinion as to this question said: Anderson, Presiding Judge delivering the opinion.

 "But it remains to be determined whether there was any substantial evidence to support the conclusion necessarily reached by the jury that the defendant was responsible for the conduct of the driver of the truck alleged to belong to him. The applicable rule is that to hold a defendant responsible under the doctrine of respondeat superior, it is necessary to show that the relation of master and servant exists between the wrongdoer and the defendant at the time and in respect of the very transaction out of which the injury arose. The mere fact that the driver of a vehicle causing the injury was the defendant's servant will not make the defendant

liable. It must be further shown that at the time of the accident the driver was on the master's business and acting within the scope of his employment. *Goodman* v. *Wilson,* 129 Tenn. 464, 467 [166 S. W. 752, 51 L. R. A., N. S., 1116]; *Core* v. *Resha,* 140 Tenn. 408 [204 S. W. 1149]; *Keller* v. *Federal-Bob Brannon Truck Co.,* 151 Tenn. 427 [269 S. W. 914].

"There was no proof that the truck in question was registered in the defendant's name and hence the statutory presumption provided for by Code Section 2702 is not applicable. However, the defendant's contention is that the circumstantial evidence is sufficient to show that the truck belonged to the defendant, and this being so, under the proper construction of Code Section 2701, this evidence made a prima facie case of liability, shifting to the defendant the burden of going forward with the evidence to show that the driver was not on the defendant's business at the time of the accident.

"Code Section 2701 provides that proof of ownership of a motor propelled vehicle involved in an accident shall be prima facie evidence that at the time the vehicle 'was being operated and used with the authority, knowledge and consent of the owner in the very transaction out of which' the cause of action arose.

"The only evidence bearing on the ownership of the truck was that to the effect that it bore the defendant's name, and the further fact that in cross-examining the witness, the defendant's counsel referred to it as the defendant's truck. We may assume that these facts furnished a basis for the legitimate inference that the vehicle was owned by the defendant. But the question is, whether from this inferred fact alone it may be further inferred that the vehicle was being operated for the use and benefit of the owner and within the scope of the

driver's employment. As said, the plaintiff insists that the statute authorizes such an inference from proof of ownership.

"This contention is undoubtedly supported by *Racy Cream Co.* v. *Waldran* [Walden] 1 Tenn. App. 651 [653], decided by the Eastern Division of this Court, in which certiorari was denied by the Supreme Court. So far as we have been able to find, that case has never been cited or used as a precedent.

"In *Emmert* [*Emert*] v. *Wilkerson*, 7 Tenn. App. 269, this Court again expressed the opinion that by the act the legislature intended to make proof of ownership sufficient to make a prima facie case of liability. But, as pointed out in *Macy* [*Maysay*] v. *Hickman*, 22 [20] Tenn. App. 262 [97 S. W. (2d) 662], this expression of the Court was unnecessary to the decision in that case because, independently of the statute, there was evidence that the driver of the particular vehicle was in the general employ of the defendant and that the vehicle was being used as it was normally used in connection with the master's business. This was sufficient to make a prima facie case.

"The same thing is true of the more recent case of *Mofield* v. *Haynes,* decided by the Middle Division [33] Tenn. App. [127], 230 S. W. (2d) 200.

"Upon the other hand, the Supreme Court has very definitely and explicitly held that Code Sections 2701 and 2702 'do not make bare proof of ownership presumptive evidence that a vehicle involved in an accident was being used in the owner's business at such time'; that 'proof of registration in the owner's name is necessary to create such presumption' under the statutes. And in the same case and many others it is held that in cases of this kind proof that the particular use was by the

owner's permission falls short of making out a case in which the owner is liable for the negligence of the operation of the particular vehicle. [*East Tennessee & Western North Carolina*] *Motor Transportation Co.* v. *Brooks,* 173 Tenn. 542 [121 S. W. (2d) 559, 561], and cases cited; *Davis* v. [*Newsome*] *Auto Tire & Vulcanizing Co.,* 141 Tenn. 527 [213 S. W. 914]. See The Tennessee Statutory Presumption of Agency By Operation of a Motor Vehicle; Vanderbilt Law Review, Vol. 4, No. 1, Page 157.

"Of course, the requisite proof to sustain this element of the cause of action, like any other essential fact, may be proved by either testimonial or circumstantial evidence, or both, without resort to the statute, as where it thus appears that the defendant owned the particular vehicle; that it was being operated by a person in the general employ of the owner and under circumstances which normally attended its use upon the owner's business. Ibid. *McMahon* [*McMahan*] v. *Tucker,* 31 Tenn. App. 429 [216 S. W. (2d) 356]; *Gude* [*Good*] v. *Tenn-*[*essee*] *Coach Co.,* 30 Tenn. App. [575] 584 [209 S. W. (2d) 41]. But in the present case there was no evidence that the driver of the offending truck was in the general employ of the defendant, nor was there any evidence as to what use was being made of the truck at the time; and none as to its normal use.

"The ratio decidendi of the decisions above referred to holding that mere proof of ownership and the fact that the vehicle is being used with the owner's permission, do not, without more, furnish a reasonable basis for an inference that the vehicle was being used on the owner's business, is that from these facts, when viewed in the light of common experience, it would be no less reason-

able to infer that it was being used under a bailment, in which case the bailor would not be responsible.

"The plaintiff contends that the defendant had the power to offer evidence as to the use to which its truck was being put at the time, and since he failed to do so it is to be inferred that if fully developed, the evidence would establish liability on its part. For this, we are referred to the case of *Western Union Tel. Co.* v. *Lamb*, 140 Tenn. [107], 111 [203 S. W. 752]. This is a misconception of the ruling in that case. The rule can not be used to make out a prima facie case but only to fortify one otherwise made. *Davis* v. [*Newsome Auto*] *Tire & Vulcanizing Co.*, supra.

"The result is that the evidence falls short of making the case of liability against the defendant."

We granted certiorari because of the conflict between the cases of *Racy Cream Co.* v. *Walden,* 1 Tenn. App., 653, Eastern Section; *Emert* v. *Wilkerson,* 7 Tenn. App. 269, Middle Division, and *Bry-Block Mercantile Co.* v. *Byrd,* 4 Tenn. App. 178, Western Division, and the opinion delivered by this Court in *East Tennessee & Western North Carolina Motor Transportation Co.* v. *Brooks,* 173 Tenn. 542, 121 S. W. (2d) 559. The Court of Appeals, Eastern Section, in *Racy Cream Co.* v. *Walden,* supra, held that Code Section 2701, Chapter 162 of the Acts of the Legislature of 1921, made proof of ownership of a defendant such as the Midwest Dairy Products Company here a sufficient case to make a prima facie case of liability in the absence of proof offered on behalf of the defendant. The other two cases cited above from the Court of Appeals inferentially hold the same way. This Court speaking through the late Chief Justice Grafton Green in *East Tennessee & Western North Carolina Motor Transportation Co.* v. *Brooks,* supra,

held exactly opposite and opposite the contention of the petitioner here. A very able argument is made in the instant case to distinguish it from *East Tennessee & Western North Carolina Motor Transportaion Co.* v. *Brooks,* supra. We have before us the record in *East Tennessee & Western North Carolina Motor Transportation Co.* v. *Brooks,* supra, and find that the Court of Appeals in rendering its opinion in that case relied upon *Racy Cream Co.* v. *Walden,* supra, and *Emert* v. *Wilkerson,* supra; *Woody* v. *Ball,* 5 Tenn. App. 300, and *Kelley Powell Co.* v. *Landen,* 7 Tenn. App. 92, were strongly relied upon in the brief filed by Brooks in the Court of Appeals and in the Supreme Court in that case. This Court in rendering its opinion in *East Tennessee & Western North Carolina Motor Transportation Co.* v. *Brooks,* supra, did not mention the Court of Appeals cases ante, but, undoubtedly, since those cases were so strongly relied upon the Court considered them and then rendered the opinion in *East Tennessee & Western North Carolina Motor Transportation Co.* v. *Brooks,* supra. Apparently the Court concluded, as we now do, that the Court of Appeals cases referred to are not considered as authority but merely applicable to the facts in those respective cases. We have again reviewed these various Court of Appeals cases and are of the opinion that the law as announced in the *East Tennessee & Western North Carolina Motor Transportation Co.* v. *Brooks,* supra, is correct as it has been interpreted in this State for many years.

■ We have again reviewed the acts of the Legislature, Chapter 162 of the Public Acts of 1921 and Chapter 59 of the Public Acts of 1923 out of which Code Sections 2701 and 2702 grew and are convinced that their application as construed in *East Tennessee & Western*

*North Carolina Motor Transportation Co.* v. *Brooks,* supra, is correct. The caption to Chapter 59 of the Public Acts of 1923 says: ''to provide that proof of the registration of automobiles and other motor propelled vehicles shall be prima facie evidence, not only of ownership, but also that the automobile or other motor propelled vehicle was then and there being operated by the owner or by the owner's servant for the owner's use and benefit and within the course and scope of his employment.'' Obviously the only purpose of this Act, which was an amendment to Chapter 162 of the Public Acts of 1921, was to show that the mere proof of ownership was not enough to show or make a prima facie case that the car was being operated by the owner or the owner's servant for the owner's use and benefit. We must therefore, and do, adopt the portion of the opinion of the Court of Appeals in the instant case above quoted as the correct and applicable law under such circumstances to be applied in this State.

The Court of Appeals remanded this case to the trial court because the Midwest Dairy Products Co., in making their motion for a directed verdict, ''did not specify as a ground therefor, the lack of proof in the respect mentioned'', that is, that the plaintiff had failed to show that the car was being driven by a servant of the Midwest Dairy Products Company on the business of the Midwest Dairy Products Company. This question though was raised and argued in the Court of Appeals. We think that the Court of Appeals was correct in remanding this case for the reasons assigned by it. The case therefore is reversed and remanded to the trial court for disposition consistent with this opinion. The costs of appeal will be taxed against the Esso Standard Oil Company, and the costs of the lower court will abide the event of its disposition there.