[Criminal No. 294.   Filed March 25, 1911.]

[114 Pac. 975.]

## FRANK BARROW, Defendant and Appellant, v. TERRITORY OF ARIZONA, Respondent.

1. CRIMINAL LAW—EVIDENCE—PRESUMPTIONS—"CONCLUSIVE PRESUMPTION"—"REBUTTABLE PRESUMPTION."—A "conclusive presumption" of law is an inference which must be drawn from the proof of given facts, which no evidence may overthrow; while a "rebuttable presumption" of law is an inference which obtains until overthrown by proof.

2. SAME—INSTRUCTIONS—WITHDRAWAL OF EVIDENCE.—A charge that a presumption of law arises from facts stated is erroneous, especially where there is no suggestion that the presumption is rebuttable.

3. SAME—EVIDENCE—INSTRUCTIONS.—Where, on a trial for rape on a female under the age of consent, the evidence for the prosecution was wholly circumstantial, and accused denied the act, an instruction that, from the facts established by the prosecution, the jury must conclusively presume the ultimate fact was prejudicial to accused, because taking from the jury the right to draw inferences they deemed warranted by the evidence, and because it excluded consideration of the testimony of accused.

4. SAME—TRIAL—INSTRUCTION.—An instruction that a series of facts raises a presumption of law or fact that an ultimate fact exists is misleading, where the finding of the ultimate fact is for the jury; the law being only that such series of facts, found beyond a reasonable doubt, will warrant the jury in drawing a particular inference, which, weighed in the light of the evidence, will justify a finding of the ultimate fact.

APPEAL from a judgment of the District Court of the Second Judicial District, in and for Cochise County.   Fletcher M. Doan, Judge.   Reversed and new trial ordered.

The facts are stated in the opinion.

John B. Wright, Attorney General, for Respondent.

LEWIS, J.—The appellant's counsel, appointed to defend on the trial, has done nothing more than to perfect this appeal by lodging it in this court.   No briefs have been filed and

no appearance has been entered on behalf of the appellant. It being a criminal case, we are obliged under the statute to examine the record.

The instructions, omitting the formal portions, as well as the definition of rape, are as follows: "In order to warrant a verdict of conviction at your hands, it is incumbent upon the territory to establish by the evidence in this case to your satis- faction, beyond a reasonable doubt, that the defendant, on or about the twenty-eighth day of October of this year, took the prosecuting witness, Ellen Herman, down to the little adjoin- ing town of Fairbanks, in company with another young man and another woman; that he took her to a room in a hotel at that place, and remained there with her something like two hours, or two hours and a half, and that he had sexual inter- course with her on that occasion. If you are satisfied of those facts, and that the girl was under the age of seventeen years, and was not his wife, if you are satisfied of those facts from this evidence, you should, by your verdict, find the defendant guilty of rape, as charged in the indictment. Unless you are satisfied of them beyond a reasonable doubt, you should by your verdict find him 'not guilty.' It has been stated that the act of sexual intercourse between a man and a woman can seldom be proved by direct testimony, which is true. There has been in this instance no testimony given by any witness that saw the act of sexual intercourse. In order to convict the defendant of rape, it is essential that there should have been some penetration of the body of the female by the organ of the male, and the commission of this act can be established by circumstantial evidence, if the facts and circumstances established by the direct evidence surrounding the occurrence are sufficient to satisfy the mind of the jury, beyond a rea- sonable doubt, that this act was accomplished. It has been ordinarily held that, where a man goes with a woman, who was not his wife, to a bedroom in an assignation house, or a hotel, and occupies that room with her for a sufficient length of time for the accomplishment of an act of sexual intercourse between them, and the circumstances surrounding their going to that room and the occupancy of it are sufficient to satisfy the minds of the jury that they went there with the intention of having sexual intercourse, that the presumption of law is

that they did have sexual intercourse there. I believe these are the only points that are essential in the instructions for this case, and I will submit the case to you with two forms of verdict."

There is no presumption of law arising from the circumstances stated in the preceding paragraph; it was doubtless an inadvertence upon the part of the trial judge. The charge took from the jury the right to draw the inferences they deemed warranted by the evidence. Presumptions of law are frequently classed as conclusive and rebuttable. A "conclusive presumption" of law is an inference which must be drawn from the proof of given facts, which no evidence, however strong, will be permitted to overthrow. A "rebuttable presumption" of law is an inference which obtains until overthrown by proof. *Sun Mutual Ins. Co.* v. *Ocean Ins. Co.,* 107 U. S. 485–502, 1 Sup. Ct. 582, 27 L. Ed. 337; Wigmore on Evidence, sec. 2491. A charge that a presumption of law of either class arises from the facts stated is erroneous; but the injury is more manifest where there is not even the suggestion that the presumption is rebuttable.

The instruction was prejudicial to the defendant, as may be seen from the recitals of the charge and the record. The evidence of the territory was purely circumstantial and tended strongly to establish the facts, from which the court told the jury they must conclusively presume the ultimate fact of intercourse. The defendant's testimony contained an explicit denial of the act of intercourse, though it admitted many of the circumstances affording a basis for the presumption of intercourse. In one view of the case, the consideration of this denial was excluded by the instruction given. An instruction that a given series of facts raises a presumption, either of law or fact, that an ultimate fact exists is misleading, and should be avoided in those cases where the finding of such ultimate fact is for the jury. The law is that such facts, found beyond a reasonable doubt, warrant the jury in drawing a particular inference, which, weighed in the light of all the evidence, justifies the finding of the ultimate fact, if they are thereby satisfied beyond a reasonable doubt. *Commonwealth* v. *Clifford,* 145 Mass. 97, 13 N. E. 345; *Commonwealth* v.

*Briant,* 142 Mass. 463, 56 Am. Rep. 707, 8 N. E. 338; Wigmore on Evidence, sec. 2491.

The judgment of the trial court is reversed, and a new trial ordered.

KENT, C. J., and CAMPBELL and DOE, JJ., concur.