## In the Matter of the City of Utica.

County Court, Oneida County, June 28, 1951.

*August Merrill* for William B. Weaver.

*J. Herbert Gilroy, Corporation Counsel* (*Stanley Palewski* of counsel), for City of Utica.

HANAGAN, J. This is a motion by William B. Weaver for an order opening his default in answering the above action, setting aside the judgment entered therein on August 18, 1943, canceling of record certain deeds, and bringing in certain party defendants.

On May 1, 1943, the City of Utica commenced an action in rem pursuant to title 3 of article VII-A of the Tax Law for the foreclosure of certain tax liens on several parcels of real property in the city of Utica including a parcel of land assessed to said William B. Weaver and described on the tax maps of the City of Utica at that time as book 7, map 11, block O, lot 7. There was no answer interposed by said defendant in this action, and on August 18, 1943, final judgment was awarded the City of Utica whereby it was ordered that the city treasurer of the city of Utica prepare, execute and cause to be recorded a deed conveying full and complete title to the City of Utica of certain parcels of real property mentioned in the action and including the above parcel assessed to said defendant. In the said action this parcel of land was given Action Serial Number 382.

The constitutionality of the procedure set forth in said title 3 of article VII-A of the Tax Law has been passed on. (*City of New Rochelle* v. *Echo Bay Waterfront Corp.*, 182 Misc. 176, affd. 268 App. Div. 182, affd. 294 N. Y. 678; *City of Utica* v. *Proite*, 178 Misc. 925, affd. 288 N. Y. 477.)

It is the claim of the defendant that for many years he has been and still is the owner of the above-described parcel of land located on Auert Avenue in the city of Utica.

In this motion, made more than seven years after the entry of such judgment, said defendant makes the claim that the City of Utica did not acquire jurisdiction in its action over this particular parcel of land. The defendant claims that he was not served with the notice and statement provided for by section 165-b of the Tax Law. An examination of the affidavit of Frank M. Evans, filed with the judgment roll in the action, shows that he was the delinquent tax collector in the office of the city treasurer of Utica and that on May 1, 1943, he mailed to the last known address of each owner of property true copies of the notice and statement annexed by depositing true copies of the same securely enclosed in postpaid wrappers in a post office regularly maintained by the Government at 252 Genesee Street, Utica, N. Y.; and further that true copies of the notice of foreclosure and statement were mailed to owners at the last known address as the same appeared on the records in the office of the city treasurer of Utica of all of the property listed in the list of delinquent taxes referred to in said notice. The affidavit further shows that all parcels of property in said list had the owner's name and address except Serial Number 12, which listed the owner as unknown, and further that the names and addresses set forth in the list of delinquent taxes filed in the Oneida County Clerk's office on May 1, 1943, are the same as appeared on the assessment rolls for the preceding calendar year. Exhibit 1, attached to the answering affidavit of the city, is a true copy of Action Serial Number 382 as it appears in the delinquent list filed by the city on May 1, 1943, showing that said defendant, address 221 Herkimer Road, was the last known owner of the said parcel of land described in said delinquent tax list as book 7, map 11, block O, lot 7. The description complied with paragraph (a) of subdivision (1) of section 165-a of the Tax Law. The city complied with the provisions of section 165-b of the Tax Law in giving notice to the defendant.

Said defendant also raises the question as to whether there were unpaid tax liens against said parcel which had been unpaid for at least four years. Subdivision 1 of section 165-a limits an action under title 3 of article VII-A of the Tax Law to unpaid tax liens which shall have been unpaid for a period of at least four years or more after the date when the tax became

a lien. Part of plaintiff's Exhibit 1, a certificate of the city treasurer of Utica, attached to the answering affidavit of the city, shows taxes outstanding and unpaid on this parcel of land at the time of the commencement of the foreclosure action, and also shows that there were unpaid county taxes for the year beginning December 1, 1938, to November 30, 1939. The certificate further shows that the amount of the 1938–39 Oneida County tax was reflected in the unpaid taxes set out for the year 1942 in defendant's Exhibit A. The city treasurer of Utica is the collector of Oneida County taxes levied on property in the city of Utica. While the said delinquent tax list has an erroneous date for these unpaid 1938–39 Oneida County taxes, it appears as a matter of fact that there was an unpaid tax lien held by the City of Utica which had been unpaid for a period of at least four years. The fact that the exact date of the tax period was not set out in the delinquent tax list covering this parcel is an irregularity which is cured by section 165-h of the Tax Law.

The defendant also contends that the city was estopped and barred from commencing and maintaining the above-entitled action as the city, prior to the commencement of the instant action, proceeded to enforce its tax liens against said parcel by taking action under a special statute known as chapter 658 of the Laws of 1923, as amended, advertising and selling said parcel in 1940, 1941, 1942, and 1943 and at each sale receiving a tax sale certificate therefor; and that these tax liens were the same tax liens which were part of the subject of the instant action.

Subdivision 1 of section 162 provides in part: "Notwithstanding the provisions of any general, special or local law, any tax district may elect either title two or title three of this article, or both." The City of Utica adopted title 3 of article VII-A of the Tax Law.

Section 161 of the Tax Law, entitled "Short title and definitions", provides in paragraph (c) of subdivision 2: "'Tax lien' means any unpaid tax, assessment or other legal charge, which is a lien on real property whether or not the same be evidenced by a 'transfer of tax lien,' a 'tax sale certificate,' a 'tax transcript,' a 'certificate of tax sale,' or any other written instrument."

Section 165 provides: "such tax lien * * * shall be summarily foreclosed by the tax district in the manner provided in this title notwithstanding the provisions of any general,

special or local law and notwithstanding any omission to hold a tax sale prior to such foreclosure. Ownership of a transfer of tax lien or of a tax sale certificate or of any other instrument evidencing such tax lien by the tax district issuing the same shall be evidence of the fact that the tax, assessment or other legal charges represented thereby have not been paid to the tax district or assigned by it."

By virtue of the foregoing provisions, the city was not barred or estopped from proceeding under title 3 of article VII-A of the Tax Law even though previous proceedings for the enforcement of its tax liens against said parcel pursuant to the above-mentioned special statute had been instituted or were pending at the commencement of the instant action.

On August 18, 1943, this court upon proof submitted by the City of Utica, all of which appears in the judgment roll, made findings upon such proof that there had been due compliance by the city with the provisions of title 3 of article VII-A of the Tax Law. The final judgment was entered August 18, 1943. Pursuant to said title 3 of article VII-A of the Tax Law and the final judgment of the Oneida County Court, the city treasurer of the city of Utica gave a deed of said parcel to the City of Utica on August 18, 1943, which deed was recorded in the Oneida County Clerk's office on August 19, 1943, in book of deeds 1046 at page 9. Thereafter, on August 24, 1944, the city conveyed a part of said premises to Howard J. McSweeney and Frances K. McSweeney, his wife, which deed was recorded in the Oneida County Clerk's office in book of deeds 1054 at page 120.

Subdivision 7 of section 165-h provides: " Every deed given pursuant to the provisions of this section shall be presumptive evidence that the action and all proceedings therein and all proceedings prior thereto from and including the assessment of the lands affected and all notices required by law were regular and in accordance with all provisions of law relating thereto. After two years from the date of the record of such deed, the presumption shall be conclusive, unless at the time that this subdivision takes effect the two-year period since the record of the deed has expired or less than six months of such period of two years remains unexpired, in which case the presumption shall become conclusive six months after this subdivision takes effect. No action to set aside such deed may be maintained unless the action is commenced and a notice of pendency of the action is filed in the office of the proper county clerk prior to the time that the presumption becomes conclusive as aforesaid." (As added by L. 1948, ch. 743, eff. April 3, 1948.)

The conclusive presumption as to the legality of the above-mentioned deed to the City of Utica became effective October 3, 1948. " A conclusive presumption, called also an ' absolute ' or ' irrebuttable ' presumption is a rule of law determining the quantity of evidence requisite for the support of a particular averment which is not permitted to be overcome by any proof that the fact is otherwise." (Black's Law Dictionary, Presumption, p. 1410; *Brandt* v. *Morning Journal Assn.*, 81 App. Div. 183, 185; 1 Greenleaf on Evidence, § 15.)

The defendant is barred from an attack upon the above-mentioned deed to the City of Utica at this time as the facts in question are, by law, made conclusive.

The motion of the defendant is denied.   Ordered accordingly.