149–155 SWAN STREET CORPORATION, Plaintiff, *v.* CITY OF BUFFALO et al., Defendants.

Supreme Court, Special Term, Erie County, August 26, 1954.

*Robert S. Lesher* for plaintiff.

*William B. Lawless, Jr., Corporation Counsel (Gerald J. Shields* of counsel), for City of Buffalo, defendant.

*Cyril J. Kavanaugh* for Charles J. Fimiani, defendant.

*Elmer R. Weil, County Attorney of Erie County (Maurice J. Rumizen* of counsel), for County of Erie.

WARD, J. Defendants move for judgment dismissing the complaint herein pursuant to subdivision 5 of rule 107 of the Rules of Civil Practice on the ground that the cause of action alleged therein did not accrue within the time limited by law for the commencement of such action.

The action is brought under article 15 of the Real Property Law to determine the claim of title by the parties to a certain parcel of land situated in the city of Buffalo in the county of Erie.

For a long period of time, the county taxes levied against this property went unpaid. On March 29, 1949, the County of Erie commenced an in rem tax foreclosure proceeding, pursuant to the provisions of the Erie County Tax Act (L. 1942, ch. 812, as amd.; § 11–1.0 *et seq.*). Thereafter and in accordance with a decision of the County Court of Erie County entered in the Erie County Clerk's office on July 19, 1949, a public sale of the premises was held on September 21, 1949. The premises were sold to the defendant City of Buffalo by deed dated October 29, 1949, and filed in Erie County Clerk's office on December 12, 1949. Frank A. Slade, Referee, conveyed the property to the City of Buffalo pursuant to such sale. The defendant Charles J. Fimiani has contracted with the City of Buffalo for the purchase of the premises and has been made a party to this action for that reason.

The plaintiff claims an interest in the property by virtue of a deed from Edward E. Wedtke dated July 1, 1953, and recorded in Erie County Clerk's office on July 14, 1953. Wedtke acquired his interest in the premises from Winona T. Bates and Alberta Philler by deed dated June 29, 1953. The interests of Bates and Philler were acquired by them as distributees of their mother, Frances B. Torrence, who died May 6, 1929, and as sole distributees of their father Samuel Alexander Torrence who died April 18, 1930.

By its amended complaint plaintiff alleges that the City of Buffalo unjustly claims an estate or interest adverse to that of the plaintiff because of the above Referee's deed.

In substance this action is to set aside the Referee's deed to the defendant City of Buffalo and to adjudge and determine that plaintiff is vested with absolute and unencumbered title in fee to the property described in its complaint. It is the claim of the plaintiff that the sale was not conducted pursuant to the provision of the Erie County Tax Act, above cited, in that no notice, required by that article, was given to the owner and that no proper description of the premises was filed. Counsel for all parties and the County of Erie by special permission of this court, have filed extensive and comprehensive memoranda, raising a number of questions upon this motion. These briefs and the authorities contained therein have been carefully examined. It will serve no useful purpose to write on any but one of the issues raised.

This issue is whether or not the plaintiff can now maintain this action. It is agreed that more than two years have long since passed since the recording of the Referee's deed. (Dec. 12, 1949.) This action was commenced on July 22, 1953. Defendants point to section 11–25.1 (added by L. 1949, ch. 767, eff. April 23, 1949) of the Erie County Tax Act as an absolute bar to the plaintiff's maintaining this action at this time. This section insofar as applicable here reads: *" Conclusive presumption by deed; limitation.* Every deed given pursuant to the provisions of this article shall be presumptive evidence that the action and all the proceedings therein and all proceedings prior thereto ‚from and including the assessment of the lands affected and all notices required by law were regular, were regularly had, taken and given, and in accordance with all provisions of law relating thereto. After two years from the date of recording such deed, such presumption shall be conclusive   *   *   *.   No action to. set aside such deed may be maintained unless the action is commenced and a notice of pendency thereof is filed in the office of the clerk of the county prior to the time the presumption becomes conclusive as aforesaid." Defendants urge the above as an absolute bar to the bringing of this action at this time. Plaintiff claims this section does not apply because the notices and description given did not conform to those required by the act and therefore the deed recorded was not " given pursuant to the provision of this article ". The defendants claim there was compliance, both as to notice and as to description. As to the description, defend-

ants point to an order of the Erie County Court amending such description *nunc pro tunc* pursuant to section 11–20.0 of the above act. This order appears as part of the judgment roll filed in the Erie County Clerk's office.

The defendants must prevail here. A careful examination of the above section quoted reveals that the Legislature has by the language of this section cut off the plaintiff's right to now maintain this action. Three situations result from this section: First, within two years following the recording of the deed, a presumption arises as to the regularity of the proceedings, especially in the matters set forth in the act. If an action is commenced during this time, the plaintiff must overcome this presumption to succeed. This is a rule of evidence which permits such plaintiff to recover property not properly sold under the provisions of the act, thus allowing one a reasonable period of time and a proper opportunity to regain property improperly sold. Second, if no such action is brought before two years have passed from the date of recording such deed, such presumption shall be conclusive. The Legislature has selected strong language here. It seems to me the Legislature, to remove all doubt as to what this presumption is, has particularized as follows: " that the action and all the proceedings therein and all proceedings prior thereto from and including the assessment of the lands affected and all notices required by law were regular, were regularly had, taken and given, and in accordance with all provisions of law relating thereto.'' The plaintiff complains that the notices were not proper. In the face of the language of this section, plaintiff cannot now urge this. A conclusive presumption cannot be destroyed or overcome by evidence. It is final and no evidence can prevail against it.

Language substantially similar to that of section 11–25.1 of the Erie County Tax Act is found in sections 131, 132 and subdivision 7 of section 165-h of the State Tax Law. Sections 131 and 132 have been part of the Tax Law since its codification in 1896; subdivision 7 of section 165-h was added to the Tax Law by chapter 743 of the Laws of 1948. All three of these sections contain a conclusive presumption of regularity of proceedings and also a statutory limitation of time within which an action must be brought to set aside a conveyance of real property which had fallen into tax delinquency. The Court of Appeals has interpreted these sections (*Meigs* v. *Roberts,* 162 N. Y. 371; *Halsted* v. *Silberstein,* 196 N. Y. 1; *Dunkum* v. *Maceck Bldg. Corp.,* 256 N. Y. 275). From these cases it appears that the Legislature, having

created a conclusive presumption in delinquent tax proceedings, has established a rule of law determining the quantity of evidence requisite for the support of a particular averment which is not permitted to be overcome by any proof that the facts are otherwise (Black's Law Dictionary, Presumptions, p. 1410; Greenleaf on Evidence, vol. 1, § 15; *Brandt* v. *Morning Journal Assn.*, 81 App. Div. 183; *Matter of City of Utica,* 201 Misc. 775).

Third, the Legislature might well have stopped here, for any action brought after the presumption became conclusive was doomed. However, apparently to save harassment and useless litigation, the Legislature went further and enacted a Statute of Limitations, barring the maintaining of such action. In the *Meigs* case (*supra,* p. 378), the court, after pointing out that some irregularities in delinquent tax proceedings may be so vital in their character as to deprive the court of jurisdiction, held, when discussing the Statute of Limitations: " This principle does not apply to a Statute of Limitations, for such a statute will bar any right, however high the source from which it may be deduced, provided that a reasonable time is given a party to enforce his right." This holding has been followed with uniformity (see *Halleran* v. *Manzione,* 166 Misc. 679 and cases cited therein). The Court of Appeals in *Moody* v. *Seabro Corp.* (303 N. Y. 858) sustained the tax title and tax deed held by the defendant. The statutory bar provided by sections 131 and 132 of the Tax Law was held applicable to defeat the plaintiff, although there was testimony establishing invalidity and jurisdictional defects in the assessments and taxation of the premises involved.

I have not lost sight of plaintiff's contention that because of claimed defects in notice and description the deed given here was not given " pursuant to the provisions of this article " and, according to the contention of the plaintiff, the presumption of regularity does not apply nor is the limitation placed upon maintaining an action to set aside a deed applicable to this action. I cannot agree with counsel for the plaintiff that the words " pursuant to the provisions of this article " are entitled to the narrow construction he urges. To so hold, I would have to ignore and overlook the express language and purpose of the section.

Upon all the above, I am of the opinion that section 11–25.1 of the Erie County Tax Act creates a conclusive presumption of regularity after two years from the date of recording a deed given pursuant to the provisions of such section, and especially so upon all matters and proceedings referred to in that section.

I am further of the opinion that irrespective of such presumption and independent thereof and collateral thereto, the Legislature has established a Statute of Limitations which bars the maintaining of an action to set aside a deed given pursuant to such section after two years have passed since the recording of such deed. Such is the situation here.

By his memorandum in reply to defendant's memorandum, counsel for plaintiff outlined several hypothetical situations, wherein he urges that the absolute bar of this Statute of Limitations would work a gross hardship and injustice upon a property owner under the circumstances outlined. This may be so, but by the section, the Legislature has given a reasonable opportunity for one to escape such hardship and stay such injustice. Can it be said that the Legislature of this State cannot by statute fix a time beyond which no action can be maintained to recover real property lost in a delinquent tax proceeding — yet it can and does limit the maintaining of actions touching upon almost every other type of litigation, including the right of next of kin to recover compensatory damages arising from the wrongful death of one providing for a wife and young and dependent children? The question calls for no answer.

The motion of the defendant is granted. Prepare and submit order.