**MARYLAND CASUALTY COMPANY**
and United Services Automobile
Association, Appellants,

v.

Orville A. WILLIAMS and County Bank
and Trust Company, Co-Executors of
the Estate of Ray Warden Williams, De-
ceased, and Agnes S. Williams, Appel-
lees.

No. 23520.

United States Court of Appeals
Fifth Circuit.

May 4, 1967.

Nelson, Norvell, Wilson & Thomason by Albert T. McRae, D. J. Smith, Jr., Memphis, Tenn., for appellant United Services Automobile Ass'n.

John R. Gilliland, Memphis, Tenn., Omar D. Craig, Bramlett Roberts, Will A. Hickman, Oxford, Miss., D. J. Jack Smith, Jr., Memphis, Tenn., Montedonico, Gilliland, Heiskell, Davis, Canale & Glankler, Memphis, Tenn., of counsel, for appellant Maryland Casualty Co.

William I. McLain, Memphis, Tenn., for appellees.

Before BELL and GODBOLD, Circuit Judges, and NOEL, District Judge.

NOEL, District Judge:

Mattie Pearl Eskridge, a servant for Mrs. Josephine G. Jacobs of Memphis, Tennessee, drove Mrs. Jacobs' automobile from Memphis into Mississippi. While driving in Mississippi she was involved in an automobile accident in which Mr. and Mrs. Orville A. Williams, occupants of the other automobile, were injured.

Appellees, representatives of Mr. and Mrs. Williams, brought suit against Mrs. Jacobs and Mattie Eskridge in the United States District Court for tthe Western District of Tennessee. A directed verdict was entered in favor of Mrs. Jacobs, and executions issued on judgment against Mattie Pearl Eskridge were re-

turned nulla bona. Appellees then instituted suit against Maryland Casualty Company, hereinafter referred to as "Maryland," and United Services Automobile Association, hereinafter referred to as "United," in the United States District Court for the Northern District of Mississippi in an effort to recover under the omnibus clauses of automobile insurance policies issued by the appellants. Jurisdiction was predicated upon the diversity of citizenship of the parties.

Maryland's policy was issued to Lonnie Eskridge, and provided coverage for his wife, Mattie Pearl Eskridge, while driving a non-owned automobile, "provided the actual use thereof is with the permission of the owner." United's policy was issued to Mrs. Jacobs and insured her automobile when driven by any person, "provided the actual use thereof is with the permission of the named insured." Both policies were issued in Tennessee.

The sole issue before the district court was whether at the time of the accident Mattie Eskridge was driving the automobile with the permission of Mrs. Jacobs so as to be an additional insured under the omnibus clauses of the policies.

Trial was to a jury. United made the following admissions which were admitted in evidence: Mrs. Josephine Jacobs was eighty years old, and was the registered owner of the 1961 Dodge automobile driven by Mattie Eskridge at the time of the accident; for two years preceding the incident Mattie Eskridge had been a maid, companion and nurse for Mrs. Jacobs; when Mrs. Jacobs was not using the automobile, she would occasionally and from time to time allow Mrs. Eskridge to use the car on a Sunday afternoon, to take it home with her on weekends to use to attend church on Sunday mornings, and to run errands for Mrs. Jacobs; neither before nor after the accident did Mrs. Jacobs report the automobile stolen or as being used by anyone without her permission; Mrs. Jacobs never told Mattie that she could not go out of town in the car; the only time Mrs. Jacobs denied Mattie the use of the car was when it was out of fix or in need of repair; Mattie was never discharged by Mrs. Jacobs, and that at the time such admissions were requested by appellees, she had a set of keys to Mrs. Jacobs' automobile.

The only other evidence introduced at the trial was the testimony of Mary Shelton. She testified that she had seen Mrs. Jacobs' automobile parked at Mattie Eskridge's house on numerous occasions, that she had twice ridden to church in the automobile with Mattie Eskridge, and that she was with Mattie Eskridge when she was involved in the automobile accident with the Williams.

The admissions were considered as evidence only against United. The testimony of Mary Shelton was the only evidence against Maryland.

At the close of the evidence, all parties made motions for a directed verdict. We hold that the district court erred in applying the Tennessee presumptions to the construction of the contract and, for the reasons which follow, the judgment of the court is reversed and the case remanded for further proceedings.

██ Except in matters governed by federal law, when as here a federal court's jurisdiction is predicated upon the diversity of citizenship of the parties, the federal court must apply the substantive law of the state in which it is sitting. Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188 (1938); Shirey v. Louisville & Nashville R. R. Co., 327 F.2d 549 (5th Cir. 1964). If, in a diversity case, the court is required to construe an insurance contract, the federal court will apply applicable state law. Ruhlin v. New York Life Ins. Co., 304 U.S. 202, 58 S.Ct. 860, 82 L.Ed. 1290 (1938). When there is a question as to which state law should be applied, the federal court must follow a conflict of laws rule which conforms to those prevailing in the state in which it sits; viz., the conflict of laws rules of the state. Klaxon Co. v. Stentor Electric Mfg. Co.,

313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The purpose of applying the state law of the forum is to assure equal administration of justice in coordinate state and federal courts. Ibid. See also Sampson v. Channell, 110 F.2d 754 (1st Cir.), cert. denied, 310 U.S. 650, 60 S.Ct. 1099, 84 L.Ed. 1415 (1940).

Here we have a suit initiated in federal district court in Mississippi, where the accident occurred, which involves the construction of an insurance contract issued in Tennessee. The district court was required to apply to the construction of the contract the law which would be applied under Mississippi conflict of laws rules.

▇▇▇ For choice of law purposes, Mississippi, the *lex fori*, characterizes the law as "substantive" or "procedural." If the applicable law is substantive, the courts of Mississippi will apply foreign law; i. e., the law of the state where

the cause of action, about which the controversy revolves, arose. Mississippi characterizes law governing the construction or interpretation of a contract as substantive, but will apply its own fundamental rules of evidence and procedure, in any event. Nationwide Mutual Ins. Co. v. Tillman, 249 Miss. 141, 161 So.2d 604, 613 (1964); United States Fidelity & Guaranty Co. v. Yost, 183 Miss. 65, 183 So. 260, 263, 185 So. 564 (1938); Interstate Life & Accident Co. v. Pannell, 169 Miss. 50, 152 So. 635, 638 (1934).

▇▇▇ In applying these general rules to the case at hand, the substantive issue involved being the construction of a clause in an insurance contract, the trial court was required to follow Tennessee law (lex loci contractus) which, under Mississippi conflict of laws rules, would be considered substantive. See Wells v. American Employers' Ins. Co., 132 F.2d 316, 317 (5th Cir. 1942).[1]

1. This principle can easily be confused, illustrated in this case by the fact that counsel for all parties are in agreement that the district court was required to apply Tennessee presumptions and burden of proof. The confusion stems from the distinction drawn between what is "substantive" and what is "procedural." The confusion may be removed by understanding that there are really two substantive-procedural rules to be applied in a federal suit where jurisdiction rests upon diversity of citizenship and there is a conflict of laws problem.

In the first of a two-step procedure, the federal court must decide whether the case, under the teachings of *Erie*, involves issues which are substantive. Substantive in this context means that the state law applicable to the issue or issues of the suit would significantly affect the outcome of the suit. If so, the federal court must apply the applicable state law on these issues, Guaranty Trust Co. of New York v. York, 326 U.S. 99, 109, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), and will follow its own rules of procedure.

After the court has determined that it must apply state law, if a conflict of laws problem is also in the case, the court moves to the second step where it must decide which state law it is to follow. The federal court will make the decision by looking to the conflict of laws rules of

the state in which it is sitting. As a general rule, states will adhere to the law of a foreign state which is substantive, but will apply its own law on matters of procedure. The characterization adopted by the state courts in this regard will be conclusive upon the federal court. See United Air Lines Inc. v. Wiener, 335 F.2d 379, 391 (9th Cir.), cert. dismissed, 379 U.S. 951, 85 S.Ct. 452, 13 L.Ed.2d 549 (1964).

Thus, in a diversity case, if a matter is "substantive" the federal court will follow the pertinent state law; and, if a choice of law also must be made, the federal court will apply the substantive law which would be applied under the conflict of laws rules of the forum state. In determining whether any state law will be adopted, the fact that a matter is characterized as substantive by the state courts for choice of law purposes does not connote that it will also be substantive for purposes of *Erie*, and the converse should be true. Therefore, merely because the federal court may classify burden of proof as substantive does not mean that the court can follow the burden of proof rule of the lex loci contractus—unless the forum state's conflict of laws rule characterizes the burden of proof as substantive and would also apply the foreign rule. See Annot., 21 A.L.R.2d 247, 258 (1952).

In reaching its decision that Mattie Eskridge was driving the automobile at the time of the accident with the permission of Mrs. Jacobs, the district court relied upon two Tennessee presumptions: a statute making proof of registration of an automobile prima facie evidence of ownership, permissive use, and operation of the automobile within the scope of the driver's employment; and, a presumption of compliance with the law. Would the Mississippi courts categorize these presumptions as substantive?

The Mississippi cases do not speak specifically of presumptions, but generally of procedure and burden of proof—which are to be controlled by the law of Mississippi. United States Fidelity & Guaranty Co. v. Yost, 183 Miss 65, 183 So. 260, 263–264, 185 So. 564 (1938); Boothe v. Teche Lines, 165 Miss. 343, 143 So. 418, 420 (1932).

■ If the forum state has not passed upon the characterization to be accorded to presumptions, and from our research we are persuaded that Mississippi has not passed upon such characterization, we conclude that they would be treated as other matters of evidence, burden of proof, and with the general rule. See United Air Lines, Inc. v. Wiener, 335 F.2d 379, 391 (9th Cir.), cert. dismissed, 379 U.S. 951, 85 S.Ct. 452, 13 L.Ed.2d 549 (1964); Lobel v. American Airlines, Inc., 192 F.2d 217, 219 (2d Cir. 1951), cert. denied, 342 U.S. 945, 72 S.Ct. 558, 96 L.Ed. 703 (1952).

■ The general and prevailing rule is that presumptions, when examined as to whether they are procedural or substantive in nature for choice of law purposes, are matters of procedure.[2] In this context presumptions are closely akin to burden of proof. Thus, the law of the forum governs proof of facts, as well as presumptions and inferences to be drawn from the evidence. Restatement, Conflict of Laws § 595(2) (1934); Goodrich, Conflict of Laws § 84, at 150–151 (4th ed. 1964); 15A C.J.S. Conflict of Laws § 22(9) (1967), and cases cited therein; Morgan, Choice of Law Governing Proof, 58 Harv.L.Rev. 153, 192 n. 91 (1944), and accompanying text.

■ There are two exceptions to the general rule that presumptions are procedural in nature. The first exception is a "conclusive" presumption. It is difficult to draw a line between what is a conclusive, or substantive, presumption and what is a procedural presumption—but a conclusive presumption may be described as one which is final and irrebuttable, an inference which must be drawn from proof of given facts which no evidence, however strong, can overcome.[3] By contrast, a procedural presumption is one which is rebuttable; it operates to require the production of credible evidence to refute the presumption, after which the presumption disappears.[4] See Pilot Life Ins. Co. v. Boone, 236 F.2d 457, 462 (5th Cir. 1956). If a presumption is conclusive and it

2. A presumption may be substantive for purposes of *Erie*. See Dodson v. Imperial Motors, Inc., 295 F.2d 609, 614 (6th Cir. 1961) (Court followed state burden of proof and the effect to be given a presumption as an aid to meeting such burden); Barnett v. Aetna Life Ins. Co., 139 F.2d 483 (3d Cir. 1943), cert. denied, 321 U.S. 781, 64 S.Ct. 637, 88 L.Ed. 1073 (1944); 5 Moore, Federal Practice para. 43.08 (1964).

3. United States v. Provident Trust Co., 291 U.S. 272, 284–285, 54 S.Ct. 389, 78 L.Ed. 793 (1934); Goodrich, Conflict of Laws § 84, at 151 (4th ed. 1964). See,

for example, Barrow v. Territory, 13 Ariz. 302, 114 P. 975 (1911); United Life & Accident Ins. Co. v. Prostic, 169 Md. 535, 182 A. 421, 423 (Md.Civ.App.1936); In re Foreclosure of Tax Liens by City of Utica, 201 Misc. 775, 105 N.Y.S.2d 783, 787 (1951); Miller v. Commonwealth, 172 Va. 639, 2 S.E.2d 343, 348–349 (1939).

4. The Supreme Court of Mississippi has recognized a distinction between conclusive and prima facie burdens of proof. Interstate Life and Accident Co. v. Pannell, 169 Miss. 50, 152 So. 635, 638 (1934).

is material to the right or defense sought to be established, it is substantive, and the law of the forum (lex fori) must give way to the presumption. If, on the other hand, the presumption of the foreign state (lex loci) is procedural, the forum where redress is sought will apply its own presumptions, if any. See Goodrich, Conflict of Laws § 84, at 150 (4th ed. 1964).

The second exception, and one which has been applied by this court, is delineated in the following language:

[W]here a substantive right is created by the lex loci delicti and as an integral part of the right a presumption of evidence is also created in aid of the enforcement of the right, such presumption is regarded as a matter of substance and will be given effect in the forum where redress is sought when not in conflict with public policy in that jurisdiction and no practical obstacle appears. This exception applies when, as here, the substantive right as conferred and the presumption created in aid of it are so inseparably bound together that application of the usual procedural rule of the forum would substantially impair the enforcement of the right.

Lykes Bros. S. S. Co. v. Esteves, 89 F.2d 528, 530 (5th Cir. 1937).[5]

The statutory presumption relied upon by the trial court is found in the Tennessee Code Annotated, sections 59–1037[6] and 59–1038.[7]

59–1037. Prima facie evidence of ownership of automobile and use in owner's business.—In all actions for injury to persons and/or the property caused by the negligent operation or use of any automobile, auto truck, motorcycle, or other motor propelled vehicle within this state, proof of ownership of such vehicle shall be prima facie evidence that said vehicle at the time of the cause of action sued on was being operated and used with the authority, consent and knowledge of the owner in the very transaction out of which said injury or cause of action arose, and such proof of ownership likewise shall be prima facie evidence that said vehicle was then and there being operated by the owner, or by the owner's servant, for the owner's use and benefit within the course and scope of his employment. This section is in the nature of remedial legislation, and it is the legislative intent that it be given a liberal construction.

59–1038. Registration prima facie evidence of ownership and that operation was for owner's benefit.—Proof of the registration of said motor propelled vehicle in the name of any person, shall be prima facie evidence of the ownership of said motor propelled vehicle by the person in whose name said vehicle is registered; and such proof of registration shall likewise be prima facie evidence that said vehicle was then and there being operated by the owner or by the owner's servant for the owner's use and benefit and within the course and scope of his employment.

 Sections 1037 and 1038 of the Tennessee Code are designed to create a presumption, and if neither of the two exceptions to the general rule is applicable, the district court was not at liberty to apply said sections to this case. We conclude that neither exception to the general rule applies, and, therefore, the statutes should not have influenced the disposition of this case.

The second exception was recognized, in essence, by Professor Cook in an early article. Cook, "Substance" and "Procedure" in the Conflict of Laws, 42 Yale L. J. 333, 353–356 (1933).

---

5. See also Morgan, Choice of Law Governing Proof, 58 Harv.L.Rev. 153, 195 (1944); 15A C.J.S. Conflict of Laws § 22(9), at 541–542 (1967); Annot., 168 A. L.R. 191, 192 (1947) and Annot., 78 A.L. R. 883 (1932), and cases cited therein.

6. Tenn.Code Ann. § 59–1037 (Supp.1966).

7. Tenn.Code Ann. § 59–1038 (1955).

Sections 1037 and 1038, as construed by the Tennessee and federal case law, establish only prima facie presumptions which operate merely to place a burden upon the defendant to come forward with credible evidence to the contrary. In any instance in which the defendant discharges this burden, the presumption disappears. Caldwell v. Adams, 51 Tenn.App. 373, 367 S.W.2d 804 (1963); McParland v. Pruitt, 39 Tenn. App. 399, 284 S.W.2d 299, 303 (1955); Southern Motors, Inc. v. Morton, 25 Tenn.App. 204, 154 S.W.2d 801 (1941); Curtis v. Kyte, 21 Tenn.App. 115, 106 S.W.2d 234, 240 (1937). Clearly, the statutes are not conclusive in nature, but merely raise procedural presumptions. The first exception does not apply to sections 1037 and 1038.

The substantive right involved in this case is the right of a person to seek recovery against an insurance company under the omnibus provisions of an automobile policy. In order to determine if the presumptions created by sections 1037 and 1038 are an integral part of the right, created in aid of it and so inseparably bound together with the right, it will be necessary to trace the development of these sections and to ascertain their purpose.

The Tennessee courts had adopted the rule that in a suit against the owner of a vehicle which, at the time of the accident or injury, was being driven by the defendant's servant who was acting within the scope of his employment, it would be necessary to offer evidence of ownership and the identity and employment of the servant before it would be inferred that the servant was acting within the scope of his employment at the time of the accident. See Davis v. Newsum Auto Tire & Vulcanizing Co., 141 Tenn. 527, 213 S.W. 914 (1919).

Apparently dissatisfied with the evidentiary burden placed upon the plaintiff, the Tennessee legislature enacted what is presently 59–1037 and 59–1038 of the Tennessee Code. The following interpretation of the statute given by the Tennessee Supreme Court will serve to explain the purpose of the legislation:

> By the Act of 1921, proof of ownership raised a presumption that the vehicle was being used with the owner's authority in the particular transaction, and proof of registration raised a presumption of ownership. This legislation, however, did not relieve a plaintiff suing for injuries arising out of an automobile accident from showing that the vehicle was being used in the owner's business at the time of the accident. The Act of 1923 was passed to meet such a situation, but the Act only went to the extent of providing that proof of registration should be prima facie evidence that the vehicle was being operated by the owner or the owner's servant for the owner's use and benefit at the time of the accident.

East Tenn. & Western N. C. Motor Transp. Co. v. Brooks, 173 Tenn. 542, 547, 121 S.W.2d 559, 561 (1938). See also Midwest Dairy Products Co. v. Esso Standard Oil Co., 193 Tenn. 553, 246 S.W.2d 974, 977 (1952).[8]

The purpose of the statute, then, is to place the burden of rebutting the presumptions upon the owner, who is the person with the knowledge to disprove the presumptions. See Woody v. Ball, 5 Tenn.App. 300, 303 (1927), and Morgan, Procedure and Evidence—1960 Tennessee Survey, 13 Vand.L.Rev. 1197, 1206–1207 (1960).

The owners of the automobile, against whom the presumptions operate, are not parties to this law suit. Here, unlike the Tennessee cases in which the statutory presumptions have been applied, the issue is not one of establishing the owner

8. There it was said: "Obviously the only purpose of this Act [section 1038] * * * was to show that the mere proof of ownership was not enough to show or make out a prima facie case that the car was being operated by the owner or the owner's servant for the owner's use and benefit."

as a respondeat superior, of proving ownership, or of proving that the automobile was being used in the owner's business. The sole objective of the claimant appellees in this suit is to prove that the automobile was being used by Mattie Pearl Eskridge with the permission of Mrs. Jacobs, a condition to recovery from the insurance company appellants.

The statute does not purport to apply to the construction of an omnibus clause of an insurance policy, and, so far as this court can discover, has never been so applied in the numerous Tennessee cases construing omnibus clauses. Young v. State Farm Mutual Automobile Ins. Co., 244 F.2d 333 (4th Cir. 1957); Branch v. United States Fidelity & Guaranty Co., 198 F.2d 1007 (6th Cir. 1952); Moore v. Liberty Mutual Ins. Co., 193 Tenn. 519, 246 S.W.2d 960 (1952);[9] Foley v. Tennessee Odin Ins. Co., 193 Tenn. 206, 245 S.W.2d 202 (1951), and cases cited therein.

On the other hand, Tennessee has a common law rule, later elaborated, which has been uniformly applied in cases involving omnibus clauses. Both in theory and in practice, the sections 1037 and 1038 presumptions are neither an integral part of the right to recovery nor so inseparably bound together that the application of the usual procedural rule of the forum (or, as it will be seen, Tennessee) would substantially impair the enforcement of appellees' right.

The trial court also based the finding for appellees upon the Tennessee presumption of compliance with the law; that Mattie Eskridge did not take the automobile without Mrs. Jacobs' consent and, therefore, it was presumed she had Mrs. Jacobs' permission to drive the car at the time of the accident. 250 F.Supp. 502, 505.[10] However, a presumption cannot be invoked to supply facts, unless the facts themselves would be relevant. Invocation of presumption of compliance with the law is not appropriate here for the same reasons the two statutory presumptions contained in sections 1037 and 1038 are not applicable.

In this case, the Mississippi courts would categorize the presumptions which have been relied upon by the district court as procedural. The presumptions, therefore, did not modify the appellees' burden of producing the evidence necessary in order to prevail under the substantive law of Tennessee. They alone will not support the directed verdict entered in favor of the appellees.

The Tennessee law which governs the interpretation of the automobile policies, and that which the district court was required to follow, deals specifically with interpreting "actual use * * * with the permission of the owner," as that language is used in an omnibus clause. Young v. State Farm Mutual Automobile Ins. Co., 244 F.2d 333 (4th Cir. 1957); Eagle Fire Ins. Co. of N. Y. v. Haskins, 240 F.Supp. 283 (W.D.La.1965); Southwestern Fire & Casualty Co. v. Kovar, 227 Miss. 386, 86 So.2d 356 (1956); United States Fidelity & Guaranty Co. v. Yost, 183 Miss. 65, 183 So. 260, 185 So. 564 (1938). This law is an integral part of construing the omnibus clause of the insurance contract —it is substantive.

The rule in Tennessee is:

[W]here one has only limited permission of the owner to use the car in a specified area for a limited time and particular purpose and does not have a general discretion as to the use of the car, then the coverage of the omnibus clause is not extended to his use of the car any place or for a purpose not consented to nor reasonably contemplated by the owner in giving the initial permission.

9. Where the court said, "The omnibus clause of the insurance policy is simply a contract and is to be governed by the ordinary rules of interpretation of contracts." Id. at 962.

10. Tenn.Code Ann. § 59–504 prohibits the temporary taking and driving of an automobile without the owner's consent. Tenn.Code Ann. § 59–505 has a similar provision relating to chauffeurs or persons in like capacity.

**398**

Moore v. Liberty Mutual Ins. Co., 193 Tenn. 519, 246 S.W.2d 960, 961 (1952). If, on the other hand, the driver had the general permission of the owner and general custody of the automobile, without restriction, the driver is an additional insured under the omnibus clause, even though he did not have the owner's permission to drive the automobile at the time or place of the accident. Stovall v. New York Indemnity Co., 157 Tenn. 301, 8 S.W.2d 473, 72 A.L.R. 1368 (1928). But, if the person given the general permission and custody delivers the automobile into the hands of a third person, unknown by and unapproved of by the owner, the third person is not deemed to be driving with the permission of the owner and is not an additional insured. American Automobile Ins. Co. v. Jones, 163 Tenn. 605, 45 S.W.2d 52, 53 (1932).

By directing a verdict in favor of the appellee, the district court in effect found that the facts and the inferences, as supported by the overwhelming weight of the evidence, point so strongly in favor of the appellee that reasonable men could not reach a contrary conclusion. Seaboard Properties, Inc. v. Bunchman, 278 F.2d 679, 681 (5th Cir. 1960); 5 Moore, Federal Practice para. 50.02[1], at 2314 (1964). But this finding does not correctly depict the posture of the case.

 A jury could have inferred from the evidence, inappreciable as it was, that Mattie Eskridge did not have the general permission of Mrs. Jacobs to drive the automobile, and that the appellees had failed to prove that she had permission to drive the automobile at the time and place of the accident. This would have been a rational result, especially as to Maryland. Reasonable minds could differ on the conclusion to be reached. The issues should have been resolved by the jury. Compare Necaise v. Chrysler Corp., 335 F.2d 562 (5th Cir. 1964).

Reversed and remanded.