Rafaela VÁZQUEZ, et al., Plaintiffs,

v.

NATIONAL CAR RENTAL SYSTEM, INC., et al., Defendants.

No. CIV. 98–1113(JP).

United States District Court, D. Puerto Rico.

Oct. 23, 1998.

María del Mar Ortiz, Ortiz Toro & Ortiz Brunet, Hato Rey, PR, for Plaintiffs.

Manuel I. Vallecillo, Saldaña & Vallecillo, Hato Rey, PR, for Defendants.

## ORDER

PIERAS, Senior District Judge.

## I.  INTRODUCTION

Before the Court are Defendant's Brief in Compliance with Order Dated August 31, 1998 (**docket No. 38**) and Plaintiff's Memorandum of Law in Compliance with Order Dated August 31, 1998 (**docket No. 39**). Pursuant to said Order, parties were to brief the following issues that are now before the Court:

a) the admissibility of Co–Plaintiff Rafaela Vázquez's deposition testimony relating to statements made to her by Eugenio López prior to his death.

b) the admissibility of Juan Raúl Delgado González's deposition testimony. The testimony regards a "Breathalyzer" test that indicated that, at the time of the accident, Delgado González had a Blood Alcohol Level ("B.A.L.") of 0.023%.

c) the admissibility of the Breathalyzer test results.

## II.  FACTS

On December 26, 1997 and upon arriving to Puerto Rico with his wife Rosenda, Eugenio López rented a car from National Car Rental Systems, Inc. ("Defendant") at the Luis Muñoz Marín International Airport. Between the hours of 12:00 a.m. and 3:00 a.m. on December 26, 1997, Mr. and Mrs. López were involved in a traffic accident with another vehicle, driven by Juan Raúl Delgado González, at the intersection of Road # 17 and Barbosa Avenue, in San Juan. At the time, Mr. López was driving the rental car while Mrs. López rode in the passenger seat of said car. Both were rushed to the Río Piedras Medical Center. On January 9, 1998, Mr. López died due to the injuries he sustained from the accident.

Plaintiffs are Mrs. López's five daughters. They are not, however, Mr. López's daughters. Plaintiffs brought this suit under Article 1802 of the Puerto Rico Civil Code, claiming damages on their behalf and on behalf of their deceased mother. Plaintiffs sued Defendant because under Puerto Rico Law the owner of a leased automobile is accountable

for its lessee's negligence. *See* P.R. Law Ann. tit. 9 § 1751.

The Court has jurisdiction in this litigation because complete diversity exists between the plaintiffs and defendants as provided in 28 U.S.C. § 1332 and the amount in controversy exceeds $75,000.00.

## III. *DISCUSSION*

### A. Admissibility of Plaintiff's Testimony Regarding Conversations with Eugenio López.

In their Brief, Defendant provides an excerpt of Ms. Vázquez's deposition, which it seeks to be admitted into evidence. (Def.'s Mem. at 5). During the deposition, Ms. Vázquez answered questions regarding her conversations with Mr. López about the accident. Defendant is particularly interested in introducing the deposition testimony in which Ms. Vázquez describes Mr. López's account of Mrs. López's utterances right after the accident. According to Ms. Vázquez, Mr. López states that Mrs. López uttered "What hit us?." Defendant argues that such evidence undermines the allegation that Mr. López was negligent. Defendant offers such evidence because it "cast[s] a doubt as to who hit whom." (Def.'s Mem. at 5). Moreover, Defendant argues that because Mr. López did not explicitly say that he ran a red light or was negligent in his driving, there is uncertainty as to whether he was negligent. Under Puerto Rico Law, specifically P.R. Laws Ann. tit. 9 § 1751, Defendant's liability hinges on the driver's (i.e.lessee's) liability. Thus, if Defendant proves that Mr. López was not driving negligently, then Defendant would not be liable. We now consider the admissibility of this evidence.

Both parties agree that Plaintiff's testimony constitutes hearsay. (Def.'s Mem. at 2; Pl.'s Mem. at 3). So does the Court. Fed. R.Evid. 801(c) defines hearsay as "a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." Mr. López's remarks were made out of court and are being offered in evidence to prove the truth of their content: namely to prove that he was not negligent in his driving.

█ Despite acknowledging that such evidence is hearsay, Defendant argues that Plaintiffs' testimony should be admitted under Federal Rules of Evidence 803(24) and 804(b)(5). In 1997, Rules 803(24) and 804(b)(5) were combined to become Rule 807. *See* Fed.R.Evid. 807 advisory committee's note. Rule 807, known as the "Residual Exception," states that:

A statement not specifically covered by Rule 803 or 804 *but having equivalent circumstantial guarantees of trustworthiness,* is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

*See* Fed.R.Evid. 807 (emphasis added). This catchall exception allows the admission of out of court statements that, although not listed in the finite group of exceptions in Rules 803 and 804, are as reliable and trustworthy as those that are listed. *See U.S. v. Sposito,* 106 F.3d 1042 (1st Cir.1997). Trial judges may consider the reliability of hearsay evidence in determining its admissibility under the Residual Exception. *See U.S. v. Bortnovsky,* 879 F.2d 30 (2nd Cir.1989).

█ A statement admissible under Rule 807 must provide similar guarantees of trustworthiness as those statements admissible under the listed hearsay exceptions. *See Braun v. Lorillard Inc.,* 84 F.3d 230, 237 (7th Cir.1996). Rule 807 requires hearsay statements to have "circumstantial guarantees of trustworthiness equivalent to cross-examined former testimony, statements under a belief of impending death, [and] statements against interest ...." *U.S. v. Fernández,* 892 F.2d 976, 980 (11th Cir.1989). Simply put, under the listed hearsay exceptions the declarant is more likely to tell the truth. For instance, a person who knows his death is impending will feel powerful psychological pressures to

tell the truth. *See* Fed.R.Evid. 804(b)(2), advisory committee note. The same rationale applies to a statement that falls under the excited utterance exception. The theory behind the excited utterance exception is that "circumstances may produce a condition of excitement which temporarily stills the capacity of reflection and produces utterances free of conscious fabrication." Fed.R.Evid. 803(2) advisory committee note (citing 6 Wigmore § 1747 p. 135).

▇ The hearsay evidence offered by defendant falls below the threshold of trustworthiness required by Rule 807. Defendant has not put forth any arguments which compel the Court to conclude that the evidence at issue is as trustworthy as a statement that falls under any of the listed exceptions. The circumstances surrounding Mr. Lopez's remarks are not the type that would guarantee the trustworthiness that Rule 807 and the other exceptions require. Even though he was in the hospital, the circumstances that surrounded Mr. López's remarks do not assure the Court that he was under a condition that would still his capacity of reflection or that he was under any pressure to tell the truth.

The hearsay evidence under the Court's consideration also lacks other factors of trustworthiness that case law sets forth for admissibility under the Residual Exception. Case law identifies several other factors of reliability. These include: whether the witness testified about matters within his personal knowledge and whether the declarant's memory may have faded as a result of lapse of time between the event and the statement. *See, e.g., United States v. Doerr*, 886 F.2d 944 (7th Cir.1989) (admitting testimony because it was based on the declarant's personal knowledge.); *Braun v. Lorillard, Inc.*, 84 F.3d 230 (7th Cir.1996) (excluding testimony about statement made several years after the facts in question); *See also*, 3 Stephen A. Saltzburg, Michael M. Martin & Daniel J. Capra, Federal Rules Of Evidence Manual 1939 (7th ed.1998).

Defendant in the case at hand has failed to prove that Mr. López had reliable knowledge of the events that transpired on the night of the accident. The situation as indicated in

Ms. Vázquez deposition is quite the contrary. Defendant asserts that Mr. Lopez's statement was "an unambiguous and explicit report of the accident that he experienced some days earlier." (Def.'s Mem. at 9). Ms. Vázquez, however, upon being asked whether Mr. and Mrs. López had been hit, explicitly stated that Mr. López stated that he could not recall everything that transpired on the night of the accident. She acknowledged that Mr. López was not clear as to the events that transpired, and that he did not recall what happened. The Court cannot rely on an individual's account of an event if that individual acknowledges he did not recall the specifics of the event. Due to this uncertainty, the Court will not admit Mr. Lopez's statements as narrated to Ms. Vázquez for the purpose of casting a doubt as to who hit whom.

▇ Mr. López's statements also do not fall under Rule 804(b)(2), the hearsay exception for statements made under belief of impending death. In their Memorandum, Plaintiffs state that "the only way to bring to trial testimony as to a statement made by Eugenio López while at the hospital is if the statement falls within [Rule 804(b)(2), which is] the exception of 'statement under the belief of impending death.'" (Pls.' Brief at 3).

▇ A statement made under the belief of impending death is made by a declarant who lacks hope of recovery and "in the shadow of impending death." *Shepard v. United States*, 290 U.S. 96, 99, 54 S.Ct. 22, 78 L.Ed. 196 (1933). Furthermore, the declarant must have "a settled hopeless expectation that death is near at hand and what is said must have been spoken in the hush of its impending presence." *Id.* at 100, 54 S.Ct. 22. Like other hearsay exceptions, "dying declarations" are admissible because they are considered trustworthy. This element of trustworthiness results from the widely held notion that "the circumstances of belief of impending death seem to obviate any motive on the part of the declarant to misstate the truth." *United States v. Thevis*, 84 F.R.D. 57, 63 (N.D.Ga.1979), *aff'd.* 665 F.2d 616 (5th Cir.1982).

■ Proponents of a "dying declaration" must lay a foundation showing a declarant's belief that his death is imminent. This state of mind may be evident from the individual's own statements, circumstantial evidence or the opinion of a physician. *See* 31 MICHAEL H. GRAHAM, FEDERAL PRACTICE AND PROCEDURE § 6794 (Interim ed.1992). Plaintiffs did not offer any evidence to show that Mr. López believed that his death was imminent. Defendant did not even pose such argument in its Brief. Thus, such statements are inadmissible under Rule 804(b)(2).

**B. Admissibility of the Deposition Testimony of Juan Raúl Delgado González, the Driver of the Other Vehicle, Regarding the "Breathalyzer Test."**

■ Defendant's brief states that Delgado González's deposition testimony alleging that he was submitted to a "Breathalyzer Test" testimony does not constitute hearsay under Fed.R.Evid. 801(d)(2)(A) because it is an admission against interest made by its declarant. The Court does not agree with Defendant's reading of Rule 801(d)(2)(A). Defendant overlooked the specifics of this rule. A statement made by someone against his interest does not automatically fall within the bounds of Rule 801(d)(2)(A) as Defendant argues. Rather, Rule 801(d)(2)(A) states that "a statement is not hearsay if the statement is offered against a *party* and is ... the *party's own statement* in either an individual or a representative capacity." Fed.R.Evid. 801(d)(2)(A) (emphasis added).

■ Rule 801(d)(2)(A) only applies when the declarant is a party who makes a statement in either his individual or representative capacity. Although he is a key figure in the facts surrounding this litigation, Delgado González is not a party in this case, a real party in interest, or a representative of any of the parties. *See Donovan v. Crisostomo,* 689 F.2d 869, 876 (9th Cir.1982). His role in these proceedings is that of a witness. Therefore, Delgado González's statement exceeds the purview of Rule 801(d)(2)(A) and is inadmissible hearsay.

**C. The Admissibility of the Breathalyzer Test Results**

■ Plaintiffs argue that the Breathalyzer test should not be admitted because it does not meet the standard of relevancy set out in Rule 401 and 403. (Pls.' Mem. at 10–11). Plaintiffs add that, according to their expert, Dr. Angel A. Román–Franco's report, Mr. Delgado González's B.A.L. was too low to suggest that he was driving while intoxicated, let alone proximately cause the accident under an intoxicated state. Dr. Román–Franco states that "there is no evidence in the technical literature to even suggest that a B.A.L. of 0.02% has any physiological or cognitive measurable effects at all." (Pls.' Mem. exhibit II).

■ Even if Dr. Román–Franco's observations are correct, Puerto Rico law addresses this evidentiary issue, by stating that:

if at the time of the analysis there was less than ten (10) hundredths of one (1) percent of alcohol per volume ... in the driver's blood, it shall be *conclusively presumed* that the driver was not under the influence of intoxicating drinks at the time the alleged violation was committed.

P.R. Laws Ann. tit. 9 § 1041(b)(1) (emphasis added). A conclusive presumption is not a procedural concept. A conclusive presumption is a substantive rule of law which states that certain facts establish an irrebuttable fact. *See Usery v. Turner Elkhorn Mining Co.,* 428 U.S. 1, 96 S.Ct. 2882, 49 L.Ed.2d 752 (1976); *Maryland Casualty Co. v. Williams,* 377 F.2d 389 (5th Cir.1967). In a diversity litigation, like this one, federal courts must follow state substantive law. *See Erie Railroad v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Thus, for purposes of this litigation, the Court must follow Puerto Rico law and conclude that with a 0.023% B.A.L., Mr. Delgado González was not under the influence of intoxicating drinks. As a result of this, Defendant cannot offer the Breathalyzer results to prove that Mr. Delgado González was driving under the influence of intoxicating drinks.

**IV. CONCLUSION**

The Court hereby finds that Co–Plaintiff Rafaela Vázquez's deposition testimony is in-

admissible into evidence because it constitutes hearsay. The Court will not admit Mr. Delgado González's deposition testimony regarding his Breathalyzer results under Rule 801(d)(2)(A). Pursuant to Puerto Rico law, the Court must follow Puerto Rico law and conclude that with a 0.023% B.A.L., Mr. Delgado González was not under the influence of intoxicating drinks.

IT IS SO ORDERED.