In the Matter of COUNTYWIDE REALTY Co., INC., Appellant, *v.* DAVID D. BRUEN, as County Treasurer of Putnam County, Respondent.

Second Department, April 8, 1963.

*Douglas H. Krieger* for appellant.

*Sol Kroll* for respondent.

*Milton N. Redman* for Golden Rod Motor Service, Inc., *amicus curiæ.*

UGHETTA, Acting P. J.  In accordance with section 1000 of the Real Property Tax Law,* the County Treasurer of Putnam County conducted a sale on November 9, 1961 of so much of certain parcels of land in that county upon which 1960 taxes remained unpaid as should be sufficient to pay such taxes with interest and costs (see § 1006, subd. 1).  In conformity with law and as approved by the State Board (§ 1004), notice of sale had been published (§ 1002) inclusive of a provision that purchasers shall receive tax sale certificates (§ 1006, subd. 2).

At the commencement of the sale the County Attorney informed the assembled prospective bidders (a) that the county would reject all bids except those made by a person who had an interest in the subject premises, and (b) that all other bids would be rejected as not made in good faith.  Then, pursuant to resolution of the Board of Supervisors (hereafter referred to as " the Board "), the County Treasurer bid in the parcels.

Despite this prefatory notice and despite petitioner's lack of a subsisting interest, it bid for a 99% fee interest in seven of the delinquent parcels and for a 100% fee interest in another of such parcels in the Town of Carmel.  These bids were rejected by the Treasurer, who himself, on behalf of the county, bid in the parcels in their entirety, that is, to the extent of a 100% fee interest.  Petitioner's bids were rejected on the grounds that it had not bid in good faith and that its percentage bids were incapable of being determined, and " for all of the other reasons

---

* Unless otherwise indicated, all later statutory references are to the respective sections of such Real Property Tax Law.

set forth in the record by way of the preliminary remarks" of the County Attorney.

The objection that percentage bids were incapable of determination has been abandoned by the respondent County Treasurer. He does not claim that the bidding was conducted by him on other than a percentage basis — a method which, it is claimed by the petitioner, was then used and had been used for the previous 10 years. Nor is there any real issue of good faith (cf. *Matter of Maiuccoro* v. *Herzog,* 6 Misc 2d 828, affd. 4 A D 2d 456). Petitioner, through its representative, was ready with its money at the time of the bids.

The sole claim of justification for rejection of bids is the Board's resolution directing the Treasurer to bid in any or all tax delinquent lands for the gross amount of taxes. The meaning and scope of the resolution must be determined in the light of the appropriate statutes. Section 1008 has three subdivisions, viz.: "1. All counties of the state are empowered to acquire and hold lands sold at tax sale. * * * 2. The county treasurer shall reject all bids made on any parcel in which the county has any interest and shall bid in such parcels for the county. * * * 3. The board of supervisors of any county may by resolution authorize and direct the county treasurer to bid in lands at the tax sale for the gross amount due thereon."

We are particularly concerned with the third subdivision, which authorizes counties to bid in lands at tax sales. Unlike the second subdivision, which deals with land in which the county has an interest, the third subdivision does not include authorization for the rejection of other bids; it simply authorizes county bidding. In the case at hand the Board's resolution goes no further than to authorize the Treasurer (in substantially the language of the statute) " to bid in any or all such lands." This authorization first appeared as a new sentence in former section 151 of the Tax Law (L. 1941, ch. 98). In a 1947 opinion, in which the Attorney-General concluded that this amendment to section 151 did not prevent competitive bidding, he observed that in 1945 a further attempt to amend that section by authorizing County Supervisors to purchase delinquent land without competitive bidding did not pass the Legislature (1947 Atty. Gen. 301, 302). Nor was such authorization included in the 1958 codification of the Real Property Tax and Assessment Laws (L. 1958, ch. 959).

So, too, the State Comptroller, citing the Attorney-General's 1947 opinion, has stated that the authorization in the third subdivision " does not operate to prevent competitive bidding," and that it is the duty of a County Treasurer to see that the

sale is public and open to all competitors (Op. St. Comp., 1961, Op. No. 61-96). What good purpose would be subserved in conducting a public sale on public notice if, by public record, the County Treasurer was legally committed to rejection of all but county bids, save from those bidders with an interest? Competition is instinct in the statutory method of notice and bidding.

The Board has only such power as is derived from statute (*Woods* v. *Supervisors*, 136 N. Y. 403, 410; *Wadsworth* v. *Board of Supervisors*, 217 N. Y. 484, 490). It possessed no power to reject bids of the petitioner; nor does its resolution authorize such rejection. It simply adopts the general language of the third subdivision. Whether this general authorization requires the Treasurer to make a successful bid at all events, that is, a bid which if need be shall exceed the competitive bids of others, is a matter for the Treasurer to determine in the first instance.

The sales of the eight parcels to the Treasurer should be set aside and respondent ordered to resell the parcels.

The petitioner's bids do not entitle it to tax sale certificates, since at the outset of the purported sales, the County Attorney had made plain that no competitive bids would be entertained from any bidders (such as the petitioner) who lacked a subsisting interest in the parcels.

The order dismissing the petition should be reversed on the law, with $50 costs and disbursements; and the petitioner's application should be granted to the extent of setting aside the sales of the eight parcels upon which petitioner offered to bid and of ordering the respondent to resell such parcels. No questions of fact were considered.

KLEINFELD, CHRIST, HILL and HOPKINS, JJ., concur.

Order reversed on the law, with $50 costs and disbursements, and petitioner's application granted to the extent of setting aside the sales of the eight parcels upon which the petitioner offered to bid and of directing the respondent County Treasurer to resell such parcels. No questions of fact were considered.