■ JUSTINE ROACH, Respondent, v. COUNTY OF ALBANY, Appellant.— AULISI, J. Appeal from an order of the Supreme Court at Special Term, entered December 28, 1967, which denied defendant's motion to vacate a default judgment. Plaintiff commenced this action pursuant to article 15 of the Real Property Actions and Proceedings Law to set aside the judgment in an in rem proceeding. The history of the action is somewhat involved, but for the purposes of this appeal we may start with defendant's motion to dismiss plaintiff's second amended complaint for failure to state a cause of action (CPLR 3211, subd. [a], par. 7). That motion was denied, the court at Special Term holding that the complaint stated a cause of action; but inasmuch as there was a technical defect in that it was alleged that the action was brought pursuant to article 15 of the Real Property Law, the denial of the motion was conditioned upon plaintiff serving a third amended complaint correcting the defect. The third amended complaint, which was identical to the second amended complaint except for the aforesaid correction, was duly served and defendant again moved to dismiss it for failure to state a cause of action. It appears that upon the argument of that motion, defendant's only point was that the complaint should not contain paragraph 77 which recited the existence of the prior order. The court agreed that it was extraneous and struck it from the complaint. On September 15, 1967, within 30 days from the date of the order striking paragraph 77 and otherwise denying defendant's motion, defendant filed a notice of appeal from that order. Meanwhile, defendant never having answered, plaintiff on September 13, 1967 applied for a default judgment. This was granted on September 19, 1967. Defendant's first contention is that there was no default since the time within which to answer has not yet begun to run (CPLR 3211, subd. [f]). It contends that the order dealing with the third amended complaint contained a defective notice of entry because the notice did not set forth the date it was entered in the office of the Clerk of the County of Albany. Defendant's reliance upon the defective notice is clearly unjustified. It can hardly claim that it did not have actual knowledge of the date of such entry. The order itself, the entry and the service of notice upon defendant were all accomplished on the same day, August 17, 1967. Furthermore, CPLR 3211 (subd. [f]), measures the 10-day period from the date of *service* of the notice not from the date of *entry* itself. The simple omission to furnish defendant the entry date, which it must be deemed to have known in any case, could in no way affect the duty of the defendant to respond within 10 days after the order was served upon it. The next contention urged by defendant is that the default judgment was improper because CPLR 5519 (subd. [a], par. 1) automatically stayed the running of its time to answer, when it appealed from the order denying the motion to dismiss the third amended complaint. It is clear, however, that defendant had no right to appeal from such order

as it was not an aggrieved party (CPLR 5511). Since it had previously been determined that the complaint stated a good cause of action and defendant failed to appeal from that order, the only possible relief the defendant could seek, and indeed did seek, notwithstanding the designation of the motion as one to dismiss for failure to state a cause of action, was to have paragraph 77 of the complaint stricken. This relief was granted. Finally, defendant, upon its motion to open the default did not present any legal excuse for the default and made no showing of a meritorious defense so that Special Term properly denied the motion. Order affirmed, with costs. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Aulisi, J.