JOSEPHINE F. WOOD, Respondent, *v.* WINIFRED LA ROSE, Appellant.

Third Department, October 26, 1972.

*Kafin & Needleman* (*Neil E. Needleman* of counsel), for appellant.

*H. John Hendley* and *Robert J. Nolan* for respondent.

SWEENEY, J. This is an appeal from a judgment of the Supreme Court in favor of plaintiff, entered January 3, 1972 in Warren County, upon a decision of the court at a Trial Term, without a jury.

The principal issue in this article 15 of the Real Property Actions and Proceedings Law proceeding is whether or not the County Treasurer is authorized, under section 1006 of the Real Property Tax Law, to sell a percentage or fraction of the whole of a tax delinquent parcel. Plaintiff owned ⅞ of an acre of land on the west shore of Lake George. At tax sales held in 1963 for 1962 unpaid taxes and in 1964 for 1963 unpaid taxes levied against this property, defendant bid " 6/8 of an acre on the lake " and " easterly portion 6/8ths of an acre of " plaintiff's parcel as described on the assessment roll. Trial Term determined that the County Treasurer had no power to sell or convey a designated segment of land and thus, the tax deeds given to defendant were invalid. The thrust of the trial court's holding is based on an interpretation of subdivision 1 of section 1006 of the Real Property Tax Law requiring that where the County Treasurer sells less than the whole parcel he can sell only fractional undivided interests in the whole. With this interpretation we do not agree. The statute involved provides that " On the day specified in the notice of sale, the county treasurer shall commence the tax sale and shall continue the same from day to day until *so much of each parcel* shall be sold as will be sufficient to pay the amount due thereon as specified in such notice." (Emphasis supplied.) A conveyance of the real property sold at delinquent tax sales by the County Treasurer vests in the grantee an absolute estate in fee. (Real Property Tax Law, § 1020, subd. 1.) Upon receiving such conveyance the grantee, after the expiration of the time to redeem, may remove the occupant therefrom. (Real Property Tax Law, § 1020, subd. 2.) We are of the opinion that the trial court's interpretation of subdivision 1 of section 1006 is inconsistent with and contrary to the provisions of these sections. Moreover, a valid tax deed extinguishes and bars all prior titles and encumbrances and all equities arising out of them. (*Lee* v. *Farone,* 261 App. Div. 674, affd. 288 N. Y. 517.) We conclude that the County Treasurer had authority to sell a specific portion of the whole and that defendant obtained an absolute title of 6/8 acre of the parcel sold. We do not pass upon the wisdom of this practice. Any change, however, must come from the Legislature and not the courts.

The trial court further concluded that the tax deeds obtained by defendant conveyed nothing identifiable and were void for uncertainty. With this we are also unable to agree. The tax delinquent parcel was described on the assessment roll as being bounded on the north and west by Burton, east by Lake George and south by Buck, 7/8 acre. The tax deeds conveyed "6/8 of an acre on the lake" and "easterly portion 6/8ths of an acre of" land assessed on the tax roll to plaintiff and her since deceased husband, using the above description. It is readily apparent that defendant purchased 6/8 of an acre bounded by Lake George on the east, on the north by Burton and on the south by Buck. Thus, three sides of the parcel and the quantity are given. We agree with the court at Trial Term that the western boundary line can be located by drawing a straight line "from the northerly to the southerly lines of the lot parallel to the west line, at an appropriate distance therefrom". (See *Fulton* v. *Krull*, 200 N. Y. 105, 110.) We hold that this description is sufficient and that the land conveyed by the tax deed can be identified with reasonable certainty. (See, also, *Goff* v. *Shultis*, 26 N Y 2d 240.)

There is no merit in plaintiff's other contentions. In view of our holding, defendant's appeal from the denial of her motion to direct that the County of Warren and the Village and Town of Lake George be added as indispensable parties becomes academic and we need not pass on it.

The judgment should be reversed, on the law and the facts, without costs, and judgment entered declaring defendant the owner in fee of the eastern six-eighths of an acre as described in defendant's tax deeds, the western boundary of which shall be a straight line from the northerly to the southerly lines of the lot parallel to the west line.

HERLIHY, P. J., STALEY, JR., SIMONS and KANE, JJ., concur.

Judgment reversed, etc.