Witmer, J.
Two principal questions are presented on this appeal, (1) the sufficiency of deeds containing only three dimensions and a statement of the area conveyed, and (2) the interpretation of subdivision 1 of section 1006 of the Beal Property Tax Law which provides in pertinent part, 1 ‘ On the day 'specified in the notice of sale, the county treasurer shall commence the tax sale and shall continue the same from day to day until so much of each parcel shall he sold as will he sufficient to pay the amount due thereon as specified in such notice(Emphasis added.)
Purporting to act under that statute, in 1963 the County Treasurer of Warren County accepted the bid of defendant for six eighths of an acre of land, being the easterly portion of seven eighths of an acre assessed to the plaintiff on the 1962 tax rolls and situated on the west shore of Lake George. Defendant paid the taxes for which the sale was made. In 1964 the county treasurer accepted a similar bid by defendant for the 1963 unpaid taxes on said parcel assessed to plaintiff, and defendant again paid the amount for which the sale was made. Thereafter, the county treasurer delivered to defendant tax deeds of such six-eighths acre, describing it as bounded on the east by the lake and on the north and south by specified lines. The defendant has paid the taxes assessed against this six-eighths acre parcel each year since that time; and she has made substantial improvements upon it.
Plaintiff instituted this action to set aside the tax deeds to defendant, asserting several technical failures to comply with statutory requirements for tax sales. The trial court rejected all except one of those contentions. Since the deeds only described the north, east and south boundaries of the six-eighths parcel purchased by defendant, the court held them void for uncertainty (Wood v. La Rose, 67 Misc 2d 597, 604-605). The court also interpreted the statute as empowering the county treasurer to convey only an undivided six-eighths interest in the whole of the seven-eighths acre parcel formerly owned by plaintiff.
The Appellate Division reversed (39 A D 2d 469). It agreed that the technical objections to the sale were properly dismissed *269 *, but it held that the statute permitted the county treasurer to sell, out of plaintiff’s seven-eighths acre of land on Lake George, the easterly six eighths of an acre bordering on the lake, and that the description was sufficient, since a straight line could be drawn for the western boundary at a distance from the lake far enough to contain the six-eighths acre purchased. We agree with this determination.
The dissenters would hold that the deeds are void for failure to describe with specificity the fourth boundary. It is suggested that to permit the county treasurer or a court to draw the line of the fourth boundary, based upon the area intended to be conveyed, extending between and from the other three sides, would permit arbitrary action and be unfair and detrimental to the taxpayer owner, that such a line might be drawn in a gerrymandering fashion and possibly through a building or other indivisible object, and might even be drawn in such manner as to interfere with the buyer’s ingress and egress. We do not share their concern that the county treasurer may act in such unreasonable manner, and we believe that such concern is completely speculative and not related to the facts in this case. Neither litigant has raised the spectre of such unreasonable conduct.
We do not believe that the description of the property purchased by defendant herein creates any special problem or difficulty not inherent in many real estate conveyances. The location on the land of the precise boundaries of the premises intended to be conveyed frequently requires the aid of a surveyor. The fixation of the fourth boundary line of the property purchased in this case is purely a mathematical and surveying problem, readily solvable. Nothing appears herein to suggest that such line would pass through a building or on any unreasonable course. For reasons known only to herself, defendant interposed a bid for less than the whole seven-eighths acre owned by plaintiff, leaving one-eighth acre for plaintiff. There is no reason for this court to believe that such one-eighth acre would interfere with defendant’s ingress to or egress from the portion which she bought. At any rate, defendant made her *270 bid of her own free will, and presumably would not have bid if she did not want the precise property for which she bid. We should reserve for another day a case in which it is alleged that •the county treasurer has acted unreasonably in designating the portion of the tax parcel which he has sold.
In a case such as this, had defendant bid for the whole of plaintiff’s parcel, the county treasurer would have been justified in accepting the bid. In fact, that seems to be the general practice in one lot tax sales. On the other hand, plaintiff can hardly be heard to complain because the bidder left part of the property for her; and the county treasurer could only be pleased that he did not need to sell all of plaintiff’s land. Plaintiff, of course, could have protected herself completely by paying the delinquent taxes.
It has also been suggested that these deeds are void because the statute permits the county treasurer to sell a portion of a tax parcel only when that portion is separately described by a deed or subdivision map, or, at least When it comprises a “ unitary parcel ”. Beference is made to Van Wormer v. Giovatto (42 A D 2d 320) wherein sale of a vacant lot on one side of a stream was ordered to satisfy the unpaid taxes on an improved parcel of property which was assessed together with the vacant lot across the stream. In Van Wormer (supra) the court held that the county treasurer abused his discretion in failing to protect the interest of the delinquent taxpayer where a ready method of doing so was at hand. We have no quarrel with that decision. A court cannot, however, go so far in protecting the delinquent taxpayer that the hands of the county treasurer will be tied in performing his duties in behalf of the public and in collecting the taxes upon which the normal functions of government depend. The statute is primarily concerned with the collection of delinquent taxes; and the marketability of the taxed parcels should not be unduly impaired in the interest of the delinquent taxpayer who at all times may protect his rights by paying the taxes.
Special facts in the nature of those existing in Van Wormer (supra) do not obtain in this case. There is no evidence that to satisfy the tax lien in this case the county treasurer should have considered selling less than the whole seven-eighths acre owned by plaintiff. Absent such a showing, the county treasurer *271 had no duty to sell less than all of the taxed property. Nevertheless, when he found that he was able to satisfy the tax lien by selling less than the whole property, he was not only authorized but required by the statute, in reason, to accept such a bid.
By enacting the statute the Legislature not only permitted such action by a county treasurer, but it envisioned other situations where it might be advisable for a county treasurer, in order to collect unpaid taxes, to sell part of a parcel taxed as a unit. The scheme of the statute seems to be that the bidding relate not only to the amount of the delinquent taxes but to the portion of the taxed parcel which the bidder seeks to buy (see Godfrey, Enforcement of Delinquent Property Taxes in New York, 24 Albany L. Rev. 271, 282, n. 31). For example, a 100-acre parcel with unpaid taxes amounting to a few thousand dollars could be offered for sale. No bidder might appear to pay off the whole tax lien, but a bidder might want a small portion of the property and offer to pay therefor a part of the unpaid taxes. The statute would permit the county treasurer to collect taxes in such manner. Similarly, the statute contemplates two or more persons bidding upon different fractional parts of a parcel at the same sale, and permits the county treasurer to sell any or all thereof as necessary to collect the unpaid taxes.
Thus, we find no need for the suggested “ unitary ” subparcel rule of construction of the statute; and indeed we find that such a rule might impede the objective of speedy tax sales and collection of the unpaid taxes. In sum, we find that the statute is workable and valid, that it does not need modification by court construction, and that any change in it should be effected by the Legislature.
The order of the Appellate Division should, therefore, be affirmed.

 la general, as to the sufficiency of compliance with the formal provisions respecting tax assessments and sales, see Goff v. Shultis (26 N Y 2d 240).