Arnold W. Proskin, J.
This is a summary proceeding to recover possession of certain premises, improved by a dwelling, in the Town of New Scotland, County of Albany, pursuant to article 7 of the Real Property Actions and Proceedings Law.
The pleadings and papers before this court show that one Theodore F. Hinckley, Jr., took title to the premises in question by deed from the County of Albany, resulting from a tax foreclosure by the county and private sale. The petitioner’s deed from the county is based upon a 1966 tax foreclosure and his deed is dated June 19, 1975, and recorded in the office of the Albany County Clerk on June 20, 1975. Petitioner paid real property taxes since title was acquired. The respondents argue that petitioner’s title is defective, based upon an unpublished decision, and order thereon, in a case entitled Roach v County of Albany (Sup. Ct., Albany County, Sept. 19, 1967, Bookstein, J.), and that petitioner therefore has no legal claim of title upon which an eviction can be based and, *136 further, that respondents have acquired title to the property in question by adverse possession of some 70 years’ duration.
To deal with the threshold questions, petitioner is a proper party to this proceeding pursuant to subdivision 3 of section 721 of the Real Property Actions and Proceedings Law, as one to whom a tax foreclosure deed has been delivered. While respondents urge that a nonjury trial is required, under section 745 of the Real Property Actions and Proceedings Law, it is clear that the only questions which must be determined are issues of law, and no proof need be taken. (See Metropolitan Life Ins. Co. v Carroll, 43 Misc 2d 639.)
Petitioner comes before this court with record title to the property in question. Until this proceeding was commenced no mention of adverse possession was formally presented to any court of competent jurisdiction. It is clear to me that an unproven claim of title by adverse possession will serve as a valid defense to some, but not all real property litigation. On the facts before me, as stated in the petition and verified answer, the only question to be resolved in order to determine this proceeding is whether petitioner’s title is a "good title”. If this question is resolved unfavorably to respondents, the defense of adverse possession as pleaded cannot succeed against one who acquired title through a tax foreclosure proceeding.
I have reviewed the record and decision in Roach v County of Albany (Sup. Ct., Albany County, Sept. 19, 1967, Bookstein, J., affd 30 AD2d 885, reargued 31 AD2d 681) and find that it is not controlling of this case. The Roach case set aside an in rem tax foreclosure proceeding as to property formerly owned by the petitioner in that action and affords no basis for the respondents in this proceeding to challenge the petitioner’s title, acquired from the County of Albany through a 1966 foreclosure proceeding.[1] However, even if this point were to be decided favorably to the respondents an action to set aside the deed from Albany County to petitioner is barred by statute.
Pursuant to subdivision 7 of section 1136 of the Real Property Tax Law: "7. Every deed given pursuant to the provisions *137 of this section shall be presumptive evidence that the action and all proceedings therein and all proceedings prior thereto from and including the assessment of the real property affected and all notices required by law were regular and in accordance with all provisions of law relating thereto. After two years from the date of the record of such deed, the presumption shall be conclusive. No action to set aside such deed may be maintained unless the action is commenced and a notice of pendency of the action is filed in the office of the proper county clerk prior to the time that the presumption becomes conclusive.”
Respondents urge this court to hold that the two-year Statute of Limitations began to run from June 20, 1975, the date of the filing of Albany County’s deed to petitioner. The petitioner argues, and I accept, that the clear and unambiguous words of the statute above-cited start the Statute of Limitations running from the date of entry of the deed from the foreclosing tax district to a tax district. (See Weaver Sons Co. v Burgess, 7 NY2d 172.) However, even if this point were determined favorably to respondents and the Statute of Limitations has not run under section 1136 of the Real Property Tax Law respondents still cannot prevail.
The facts are that, at the date of the commencement of the summary proceeding now before me, respondents had not commenced an action under the Real Property Tax Law to challenge petitioner’s or Albany County’s title, acquired in 1966; respondents had not commenced an action to acquire title by adverse possession and had taken no affirmative step to establish a legal position with reference to ownership of the property in question. The object and, purpose of article 7 of the Real Property Actions and Proceedings Law is to allow one who has a prima facie right to possession of real property to acquire possession as quickly as possible. Upon the pleadings before me respondents have shown no legal or equitable reason for relief to be denied to petitioner herein.
Having determined the substantial legal questions posed I further find that respondents’ other points, raised in the answer to the petition, are without merit.
Judgment is granted on the petition, pursuant to section 747 of the Real Property Actions and Proceedings Law.

. In fact the judgment in the Roach case, signed by Justice Bookstein and entered in the office of the Albany County Clerk on September 19, 1967, specifically states "That the judgment in the In Rem proceeding commenced by defendant [Albany County], as plaintiff, which judgment is dated September 29, 1965, is null and void and of no effect insofar as it affects or purports to affect, plaintiff’s said real property.”