■ In the Matter of MIRIAM M. NETTER, Respondent, v LESTER WILLSEY, JR., et al., Appellants.—Appeal from a judgment of the County Court of Albany County at Special Term, entered November 18, 1975, which granted respondent's application, in a proceeding pursuant to article 7 of the Real Property Actions and Proceedings Law, to recover certain real property being occupied by appellants. On August 8, 1966 the property here involved was foreclosed by the County of Albany, pursuant to title 3 of article 11 of the Real Property Tax Law, and a tax deed to the property was duly executed and delivered to the County of Albany and recorded in the Albany County Clerk's office on September 15, 1966. Thereafter by resolution No. 28 for the year 1975 the Albany County Legislature resolved to sell its interest in the subject property to Theodore Hinckley, Jr., in consideration of the payment by him of the back taxes assessed against the property. A quit claim deed to the subject property was executed by the County of Albany on

June 19, 1975 and recorded in the Albany County Clerk's office on June 20, 1975. The reputed owners of the subject property, who had defaulted in the tax foreclosure proceeding and took no action within two years after recording to set aside the tax deed, seek to defend their removal from the property on the ground the tax deed was void since the judgment pursuant to which the deed was executed was not entered within one year after the default of the parties in the tax foreclosure proceeding. Assuming *arguendo* the validity of this argument, subdivision 7 of section 1136 of the Real Property Tax Law provides that every deed given pursuant to a final judgment in an action in rem to foreclose a tax lien is presumptive evidence that the action and all proceedings therein and all proceedings prior thereto from and including the assessment of real property affected, and all notices required by law, were regular and in accordance with all provisions of law relating thereto, and further that after two years from the date of the recording of such deed the presumption is conclusive. Furthermore, no action to set aside such deed may be maintained unless the action is commenced and a notice of pendency of the action is filed in the office of the proper county clerk prior to the time that the presumption becomes conclusive. Thus, appellants' argument cannot prevail (see *Weaver Sons Co. v Burgess,* 7 NY2d 172; *City of Utica v Weaver,* 2 AD2d 456; *Matter of City of Utica,* 201 Misc 775; *Matter of Balazs,* 147 Misc 95; see, generally, 5A Warren's Weed New York Real Property, Tax Foreclosure, § 3.31) and, since we find no other basis to disturb the judgment of Special Term, it should be upheld. Judgment affirmed, with costs. Koreman, P. J., Greenblott, Kane, Larkin and Reynolds, JJ., concur. [84 Misc 2d 135.]