OPINION OF THE COURT
 

 Memorandum.
 

 The Real Property Tax Law (§ 1006, subd 1) provides that "the county treasurer shall commence [a] tax sale and shall continue the same from day to day
 
 until so much of each parcel shall be sold as will be sufficient to pay the amount due thereon”.
 
 (Emphasis added.) Contrary to the conclusion reached by the Appellate Division on plaintiffs appeal from
 
 *753
 
 the order of Supreme Court declaring defendant’s tax deed valid, this provision does not put the county treasurer to the costly burden of subdividing delinquent tax properties, but merely authorizes, without mandating, bidding for less than a full interest in the entire parcel. (See
 
 Matter of Countrywide Realty Co. v Bruen,
 
 18 AD2d 259, affd 14 NY2d 604; 1947 Opns Atty Gen 301; 17 Opns St Comp, 1961, p 58.) Examination of the full record on appeal reveals a factual situation at variance with what was earlier thought to be the case. (Cf.
 
 Wood v La Rose,
 
 35 NY2d 266, 270.)
 

 Although we believe that the county treasurer did not abuse his discretion in permitting bidding on the entire parcel, an examination of the record reveals the existence of at least some evidence that plaintiff attempted to pay his delinquent taxes prior to issuance of the tax deed, but was misled by information supplied by the county treasurer to the effect that any attempt at redemption of the property by payment of the delinquent taxes should be directed to the defendant purchaser. This information, if in fact given to plaintiff by the county treasurer, was incorrect inasmuch as payment for the purpose of the redemption of property sold for delinquent taxes should be made to the county treasurer. (Real Property Tax Law, § 1010, subd 1.) On the present record, however, we are unable to determine whether defendants should be estopped from asserting the validity of the tax deed. We, therefore, remit to Supreme Court for a new trial on this issue.
 

 Accordingly, the order of the Appellate Division appealed from should be reversed, without costs, and the case remitted to Supreme Court, Schoharie County.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order reversed, without costs, and the case remitted to Supreme Court, Schoharie County, for a new trial in accordance with the memorandum herein.