■ JOHN S. HALL, Appellant, v WINIFRED LA ROSE, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered July 16, 1979 in Warren County, which, *inter alia,* denied plaintiff's motion for summary judgment and granted summary judgment to defendant. This action was commenced pursuant to article 15 of the Real Property Actions and Proceedings Law to set aside a tax deed delivered to defendant from the Treasurer of Warren County. The deed, recorded in the office of the Clerk of Warren County on September 11, 1979, purports to convey a 49% interest in a certain parcel of land. The deed does not contain a description of the particular section of land sought to be conveyed. The entire parcel consists of approximately 50 acres. The only issue presented on this appeal is whether the county treasurer was authorized to convey a percentage of the whole of a tax delinquent parcel. Special Term erroneously answered this question in the affirmative. The order of Special Term must, therefore, be

reversed and summary judgment should be granted in favor of the plaintiff. The test to be applied to determine the sufficiency of a description of land in a tax deed is "whether the land can be identified with reasonable certainty" *(Goff v Shultis,* 26 NY2d 240, 245, rearg den 27 NY2d 670, 817; *First Tower Corp. v French,* 45 AD2d 147, 152; see, also, *Wood v La Rose,* 67 Misc 2d 597, revd 39 AD2d 469, affd 35 NY2d 266). Accordingly, this deed is void for uncertainty unless the parties to such a deed acquire some kind of common ownership. An examination of *Wood v La Rose (supra)* leads one to the conclusion that a county treasurer at a tax sale may not sell a fractional undivided interest in the whole rather than a specific portion of the land and that the parties to the deed do not become tenants in common. The conclusion that the parties are tenants in common conflicts with the principles stated in *Wood v La Rose (supra)* that the grantee receives an absolute estate in fee (Real Property Tax Law, § 1020, subd 1); that after the expiration of a certain period of time the grantee may cause the occupant to be removed (Real Property Tax Law, § 1020, subd 2); and that "a valid tax deed extinguishes and bars all prior titles and encumbrances and all equities arising out of them". *(Wood v La Rose,* 39 AD2d 469, 470, *supra).* Special Term's reliance on a portion of the decision in *Van Wormer v Giovatto* (46 NY2d 751) was misplaced. Mr. Giovatto purchased the whole of a parcel of land from the county treasurer at a tax sale. The *Van Wormer* court was addressing the question of under what circumstances the county treasurer is obligated to sell less than an entire parcel and not whether a deed which conveys an undivided percentage of the whole parcel is valid. Order reversed, on the law, with costs, and plaintiff's motion for summary judgment granted. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur.