◼ In the Matter of ANTHONY L. VALENTE, Appellant, v DORIS R. CULVER et al., Respondents, and COUNTY OF RENSSELAER, Intervenor-Appellant.—Per Curiam.

In 1956, respondent Doris R. Culver obtained fee simple title to a 172-acre tract in the Town of Schodack, Rensselaer County. The property, designated as a single tract on the county tax records, is separated by a county road into two distinct parcels: a vacant parcel of 35 acres and a larger tract improved by the Culver residence. The record establishes that since 1975, Culver has repeatedly been delinquent in the payment of property taxes. In April 1983, following a series of negotiations with the Rensselaer County Bureau of Finance, Culver paid the taxes due for 1975, 1978 and 1979. Tax liens for the years 1980 through 1983, however, remained outstand-

ing. In March 1984, the county commenced an in rem foreclosure proceeding pursuant to Real Property Tax Law article 11, title 3,* including the Culver property among the list of delinquent parcels (Real Property Tax Law § 1122 [1]).

Although it is not disputed that Culver received adequate notice of this proceeding, she neither attempted to redeem the property nor interposed an answer (Real Property Tax Law § 1122 [6]). Pursuant to order of County Court, the property was conveyed to the county by deed dated December 10, 1984, and recorded the next day (see, Real Property Tax Law § 1136 [6]). On January 11, 1985, the property was sold at public auction to petitioner and a deed was recorded on January 30, 1985. Petitioner commenced the instant proceeding, pursuant to RPAPL article 7, seeking to remove Culver from the property. After Culver answered contesting the validity of the in rem proceeding, the county was allowed to intervene. County Court determined that the provisions of Real Property Tax Law article 10, which direct the County Treasurer to continue a *tax sale* "until so much of each parcel shall be sold as will be sufficient to pay the amount due thereon" (Real Property Tax Law § 1006 [1]), should have been applied to the foreclosure proceeding. Upon application, the court concluded that the failure of the county's chief fiscal officer to sell only the 35-acre parcel, the value of which would easily have satisfied the delinquency, constituted an abuse of discretion (see, *Van Wormer v Giovatto,* 46 NY2d 751). Ultimately, the court denied the petition for possession, rescinded the deed from the county to petitioner and directed a new sale of the property. This appeal by petitioner and the county ensued.

We reverse. The crux of this appeal is whether County Court properly applied Real Property Tax Law § 1006 (1) to either the public auction in which petitioner took his deed or to the in rem foreclosure proceeding by which the county obtained title. By virtue of the foreclosure judgment, the county obtained full and complete title to the entire parcel (Real Property Tax Law § 1136 [6]). Thus, the dispositional sale of the property to petitioner was not a "tax sale" to which Real Property Tax Law article 10 applies (see, *Eugene Osterhout, Inc. v Sardo,* 66 AD2d 167, 171). In other words, the county was under no obligation to sell petitioner only the smaller 35-acre tract, or to return any surplus funds to Culver

---

* The Rensselaer County Legislature adopted the provisions of Real Property Tax Law, article 11, title 3 by resolution filed February 17, 1984 (Real Property Tax Law § 1104 [1]).

*(see, Sheehan v County of Suffolk,* 67 NY2d 52). As indicated in her brief, the focus of Culver's challenge is not so much on this conveyance, as the validity of the in rem proceeding. The essence of Culver's argument, as accepted and applied by County Court, is that the conveyance to the county was invalid since the county's chief fiscal officer failed to restrict the sale in compliance with Real Property Tax Law § 1006 (1). We disagree for several reasons.

Having been properly notified of the in rem proceeding, it was incumbent on Culver to, at least, interpose an answer (Real Property Tax law § 1122 [6]). Had she done so and requested the sale of only the 35-acre parcel, the court could have fashioned such relief (Real Property Tax Law § 1136 [1]; *see, New Rochelle v Echo Bay Waterfront Corp.,* 268 App Div 182, 190, *affd* 294 NY 678, *cert denied* 326 US 720). Upon her default, however, the county was entitled to a deed conveying an "estate in fee simple absolute" and Culver was statutorily "barred and forever foreclosed" of her interest in the property (Real Property Tax Law § 1136 [6]). Assuming, arguendo, that Culver was nonetheless entitled to controvert the judgment of foreclosure (Real Property Tax Law § 1136 [7]), we cannot agree that the requirements of Real Property Tax Law article 10 extend to a Real Property Tax Law article 11 proceeding. These two articles provide separate and distinct methods of delinquent tax enforcement, which the tax district may pursue at its option. Real Property Tax Law article 10 is an administrative procedure which calls for the annual public sale of tax liens when property tax is delinquent (Real Property Tax Law §§ 1000, 1006). In a tax sale, the County Treasurer is not, as Culver suggests, obligated by Real Property Tax Law § 1006 (1) to subdivide a delinquent property, but is authorized to entertain bids for less than the full interest *(Van Wormer v Giovatto,* 46 NY2d 751, 753, *supra; see, Wood v La Rose,* 35 NY2d 266). In this manner, the county can insure sufficient proceeds from the sale even where the bid is for only part of the delinquent property. The purchaser at a tax sale does not receive title to the property, but a certificate of sale evidencing his lien (Real Property Tax Law § 1006 [2]). If the tax remains unpaid for one year, the purchaser is entitled to a deed to the parcel (Real Property Tax Law § 1010 [1]; § 1018 [1]). This conveyance is subject to even further periods of redemption by the owner, or cancellation by the county (Real Property Tax Law §§ 1020, 1022, 1024, 1026), after which title passes. Finally, to conclusively establish the ownership of property obtained in a tax sale, the county is authorized to

bring a judicial action to compel the resolution, of any actual or potential claims (Real Property Tax Law § 1084).

In contrast, Real Property Tax Law article 11 provides a summary method of judicial enforcement which the county, as owner of the tax lien, may pursue once the redemption period has passed (Real Property Tax Law § 1120). Upon commencement, the owner is given a further opportunity to redeem or to interpose an answer (Real Property Tax Law § 1122 [6]). However, the failure to do so, as indicated above, results in a conveyance of full and complete title to the county. There is no statutory obligation for the enforcement officer to subdivide the parcel prior to sale, and at this late stage of the delinquency, it would be entirely impractical to impose such a burden on the county, particularly in an instance, as here, where the owner has defaulted.

Accordingly, we find that County Court erred in its application of Real Property Tax Law § 1006 (1) to the article 11 foreclosure proceeding and that the petition to recover possession of the disputed property should have been granted. While we recognize that this result may seem harsh, it is required by law and could have readily been avoided had Culver simply participated in the foreclosure proceeding. Any challenge to the fairness of the statutory framework is a matter best addressed to the Legislature, not the courts (see, e.g., *Matter of Lewis v Schwartz,* 119 AD2d 116, 123-124; Administrative Code of City of New York § D17-25.0 [four-month mandatory release period following in rem foreclosure proceeding]).

Order reversed, on the law, without costs, and petition to recover possession of the real property granted. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.