■ NEW YORK STATE TEAMSTERS CONFERENCE PENSION AND RETIREMENT FUND et al., Appellants, v CITY OF UTICA et al., Respondents.—Order unanimously reversed on the law with costs and plaintiffs' cross motion for summary judgment granted, in accordance with the following memorandum: This action arose from a conveyance by the City of Utica of property located at 1012 Seymour Avenue. Defendant city acquired a Treasurer's tax sale certificate for the property at a sale which resulted from the owner's failure to pay 1979 taxes. The record owner of the property was Sarah Hobaica who died intestate in 1976. In February 1983, the city, pursuant to the City Charter, completed service upon the estate of Sarah Hobaica of a notice of right to redeem the property. The notice specifically stated that the right to redeem would expire on May 27, 1983. The right to redeem was not exercised and the city took title to the property by a city tax deed dated September 15, 1983. Pursuant to section 14-39 of the City Charter, the property was offered for sale at public auction on October 20, 1983. The only bid made on the property ($3,000) was plaintiffs'. A bid received at a public auction must, however, be accepted by the Board of Estimate

and Apportionment and the Common Council before it becomes binding on the city (Utica City Charter § 14-39 [c] [1]). Before that action was taken, the estate of Sarah Hobaica, as former owner, sought to redeem the property pursuant to section 14-34 of the City Charter. The Common Council approved the application and the property was deeded by the city to the former owner of record for the sum of $4,812.39.

In this action, plaintiffs allege that the sale to the former owner was a violation of section 14-39 (a) of the Utica City Charter which forbids the previous record owner from reacquiring the title within five years of the tax sale. Judgment was sought: 1. declaring the sale to be illegal under section 14-39; 2. declaring the Common Council ordinance which permitted conveyance to the former owner to be invalid; 3. enjoining the city from making the transfer; 4. declaring the title void; 5. requiring that the city properly dispose of the title; and 6. requiring the city to negotiate with the plaintiffs in the sale of the property. In its answer, defendant city denied any violation of section 14-39 and raised the defense that it had acted in accordance with section 14-34 of the City Charter permitting the former owner to redeem the land sold to the city for nonpayment of taxes.

The city moved for summary judgment declaring that the conveyance to the prior owner pursuant to section 14-34 was in all respects lawful. Plaintiffs cross-moved for summary judgment as requested in their complaint. Special Term granted the city's motion and denied plaintiffs' motion. This appeal ensued, and we reverse.

Section 14-26 of the City Charter authorizes an owner of land which has been sold to the city for unpaid taxes to redeem the land "at any time within fifteen (15) months after the date of such sale". During that 15-month period, the city as tax sale purchaser acquires "only a lien interest in the * * * property" *(Matter of County of Nassau [Gelb—Siegel],* 24 NY2d 621, 626). Upon expiration of the period without redemption, the conveyance vests in the grantee (city) an absolute estate in fee simple (Utica City Charter § 14-29; *see, Sheehan v County of Suffolk,* 67 NY2d 52; *Matter of Valente v Culver,* 124 AD2d 950). At that point there can be no redemption, and the property can be disposed of only by sale.

The city contends that section 14-34 of the City Charter authorizes a so-called "post redemption", thus permitting the Common Council to waive the statutorily authorized redemption period established in section 14-26. We reject that argu-

ment. While section 14-34 permits the Common Council, by unanimous vote, to allow a former owner to redeem property by payment of a lesser amount than is otherwise required, it does not authorize the Common Council to extend the period during which redemption is permitted by a former owner. To adopt the city's construction of section 14-34 would be to render it inconsistent with sections 14-26 and 14-29 of the City Charter, and would be at odds with the legal meaning of "redemption". Additionally, section 14-39 (a) of the Utica City Charter bars for a period of five years a sale of property to "any person who was the record owner * * * at the time the city acquired such property for unpaid taxes".

Accordingly, we reverse the order granting summary judgment to the City of Utica, deny the city's motion, reverse the order denying plaintiffs' cross motion for summary judgment and grant that motion. We declare that the conveyance of 1012 Seymour Avenue to its prior record owner was unlawful and in violation of the applicable provisions of the Utica City Charter. We declare also, however, that the city is not required to negotiate with plaintiffs in a private sale of the property. (Appeal from order of Supreme Court, Oneida County, Miller, J.—summary judgment.) Present—Dillon, P. J., Denman, Balio, Lawton and Davis, JJ.