■ DORIS R. CULVER, Appellant, v COUNTY OF RENSSELAER et al., Respondents.—Mercure, J. Appeal from an order of the County Court of Rensselaer County (Dwyer, Jr., J.), entered March 26, 1987, which, *inter alia,* granted defendants' motions to dismiss the complaint.

In March 1984, defendant County of Rensselaer commenced an in rem foreclosure proceeding pursuant to RPTL article 11, title 3, including plaintiff's realty among the list of delinquent parcels. Plaintiff's property was conveyed to the county by deed dated December 10, 1984 and recorded the following day. On January 11, 1985, the property was sold at public auction to Anthony L. Valente and defendant John J. Teliska, Jr. Valente thereafter commenced a summary proceeding pursuant to RPAPL article 7 in Rensselaer County Court seeking to remove plaintiff from the property. County Court dismissed the petition therein and set aside the conveyance of the realty, finding that the county should have sold only so much of the property as would have been sufficient to pay the amount due, pursuant to RPTL 1006 (1). Upon appeal, we reversed, holding that RPTL 1006 (1) had no application to the sale of the property by the county, and granted Valente's petition to recover possession of the real property *(Matter of Valente v Culver,* 124 AD2d 950, *lv denied* 69 NY2d 611).

On January 30, 1987, plaintiff commenced this RPAPL article 15 proceeding seeking a judgment vacating and setting aside the in rem foreclosure proceeding and the tax sale of the

subject realty upon the ground that said proceeding was void, defective and jurisdictionally invalid and alleging, *inter alia,* that the county failed to provide notice of the foreclosure proceeding in accordance with RPTL 1124. Before answering, defendants moved to dismiss the complaint on the grounds that the action is barred by RPTL 1136 (7) or, in the alternative, the doctrines of res judicata and/or collateral estoppel. Plaintiff cross-moved for leave to amend the complaint. County Court granted defendants' motions and denied plaintiff's cross motion, finding that the action was barred by RPTL 1136 (7). Plaintiff appeals.

We affirm. This action, commenced more than 2 years following December 11, 1984, the date of recording of the deed to the county, is barred by RPTL 1136 (7) *(see, Matter of Netter v Willsey,* 53 AD2d 728). Plaintiff's contention that the time period was tolled pursuant to CPLR 204 (a) by the automatic stay under CPLR 5519 (a) (1) is not tenable. As quite properly argued by defendants, CPLR 5519 (a) (1) stays only proceedings to enforce the judgment or order appealed from. Since the order appealed from dismissed the petition to recover possession of the realty and plaintiff remained in possession thereof, there was nothing to be done by plaintiff to enforce the order. Clearly, CPLR 5519 (a) (1) had no application to and did not prevent plaintiff from commencing this action. The numerous cases relied upon by plaintiff in support of her contention that CPLR 204 (a) tolls the 2-year period set forth in RPTL 1136 (7) do not suggest a contrary conclusion. Indeed, the stays or statutory prohibitions involved in those cases are provided by statutes other than CPLR 5519 (a) (1) *(see, Matter of Pan Am. World Airways v New York State Human Rights Appeal Bd.,* 61 NY2d 542 [Executive Law § 297 (9)]; *Burcroff v County of Orleans,* 83 AD2d 779 [Highway Law § 139]; *Serravillo v New York City Tr. Auth.,* 51 AD2d 1027, *affd* 42 NY2d 918 [Public Authorities Law § 1212]; *Ellis Hosp. v Symonds,* 96 Misc 2d 643 [Workers' Compensation Law § 13-f (1)]) and are not controlling here. Having held that plaintiff was entitled to commence this action during the pendency of the prior appeal, the argument that defendants' delay in perfecting that appeal equitably estops them from raising RPTL 1136 (7) as a bar is similarly unavailing. Defendants did nothing to affirmatively induce plaintiff to refrain from timely commencing this action *(see, Simcuski v Saeli,* 44 NY2d 442, 448-449).

Even if the action had been timely commenced, it is nevertheless barred by the doctrine of res judicata which "operates

to bar not only those matters which were actually put in issue in the prior action, but also those which *might* have been" (Siegel, NY Prac § 447, at 591-592 [emphasis supplied]). The contention of the present complaint that plaintiff was not given adequate notice of the in rem foreclosure proceeding and that the proceeding was defective, void and of no force and effect is one which could and, in fact, should have been raised in defense of the summary proceeding since the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first *(see, Schuylkill Fuel Corp. v Nieberg Realty Corp.,* 250 NY 304, 306-307 [Cardozo, Ch. J.]). Clearly, a determination of the validity of the county's in rem foreclosure proceeding was a prerequisite to determination of the petition to recover possession of the real property as it was the foreclosure proceeding which was alleged to have divested plaintiff of title and the right to possession of the realty. In fact, we found on the prior appeal that plaintiff received adequate notice of the in rem foreclosure proceeding *(Matter of Valente v Culver,* 124 AD2d 950, 951, *supra),* that she neither attempted to redeem the property nor interposed an answer *(supra),* that the county obtained full and complete title to the parcel *(supra)* and that plaintiff was statutorily barred and forever foreclosed of her interest in the property *(supra,* at 952), which findings are dispositive of this action.

Order affirmed, with costs. Mahoney, P. J., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.